[Civ. No. 67922. Second Dist., Div. One. Aug. 15, 1983.]

TAIK WHAN KIM et al., Plaintiffs and Respondents, v.
SILVIO L. ORELLANA, Defendant and Appellant.

---

## COUNSEL

Barry J. Grumman and Mark R. Leeds for Defendant and Appellant.

Louis I. Bell and Bruce C. Keswick for Plaintiffs and Respondents.

---

## OPINION

**LILLIE, Acting P. J.**—Taik Kim and Young Kim, husband and wife, owned a market next door to a pizzeria-delicatessen owned by Silvio Orellana and his brother Luis Orellana. For two years Taik asked the Orellanas to cease selling products in competition with those sold at the Kims' market. On the morning of July 8, 1978, Taik went to the pizzeria-delicatessen to make another such request. As Taik stood on the sidewalk outside of the open door of the Orellanas' establishment, Silvio Orellana went to the cash register and obtained a pistol, intending to fire at the floor; instead he shot Taik in the stomach. The Kims sued the Orellana brothers for damages for personal injuries and loss of consortium. Following a nonjury trial judgment was entered in favor of plaintiffs and against defendant Silvio Orellana for $75,000 compensatory damages and $10,000 punitive damages. Silvio appeals from the judgment.

Appellant contends that the judgment must be reversed because he was denied a fair trial (and hence due process) by the misconduct of his counsel. Among the specific instances of such misconduct cited by appellant are the following: his attorney failed to plead self-defense as an affirmative defense; he sent his associate to represent appellant at the trial; the associate failed to move for a continuance; he did not make an opening statement; he failed to object to certain questions put to witnesses by plaintiffs' attorney during their case in chief; he stipulated to the admission of plaintiff Taik Kim's medical reports and medical bills in evidence; he did not cross-examine plaintiff Young Kim as to loss of consortium; he did not offer evidence that the bullet which struck plaintiff Taik Kim first hit the floor; and failed to move for a new trial. Although appellant labels counsel's acts and omissions

as "misconduct," it is apparent that he actually complains of inadequate representation by counsel.

■ In a criminal prosecution the defendant has the right to competent representation at trial based on the constitutional right to the assistance of counsel for his defense (U.S. Const., 6th Amend.; Cal. Const., art. I, § 15). (*People* v. *Pope* (1979) 23 Cal.3d 412, 422 [152 Cal.Rptr. 732, 590 P.2d 859, 2 A.L.R. 4th 1].) There is no equivalent constitutional right in a civil proceeding. There, the due process clause (U.S. Const., 14th Amend., § 1; Cal. Const., art. I, § 7, subd. (a)) guarantees the right of a party to appear by counsel retained at his own expense. (See *In re Kathy P.* (1979) 25 Cal.3d 91, 102 [157 Cal.Rptr. 874, 599 P.2d 65]; *Mendoza* v. *Small Claims Court* (1958) 49 Cal.2d 668, 673 [321 P.2d 9].) Appellant was afforded that right. Due process does not include the further requirement that competent representation be furnished by counsel in a civil action. The only conduct proscribed by the due process clause of the United States Constitution is conduct that may be fairly attributed to the state; the same is true with respect to the corresponding procedural due process provision of the California Constitution. (*Martin* v. *Heady* (1980) 103 Cal.App.3d 580, 586 [163 Cal.Rptr. 117].) Any lack of adequate representation on the part of appellant's retained counsel cannot be attributed to the state.

■ The attorney has complete charge and supervision of the procedure that is to be adopted and pursued in the trial of an action; the manner of trial and like matters are within the sphere of the attorney's general authority, and as to those matters his client is bound by his action. (*Hillman* v. *Stults* (1968) 263 Cal.App.2d 848, 878-879 [70 Cal.Rptr. 295].) ■ "The trial attorney is in full charge of his client's cause or defense. When representing the defendant he must determine in the first instance what defenses shall be averred and what potential ones shall be omitted. At the trial he must have and exercise discretion to make such tactical decisions as the exigencies of the combat may dictate. His is the legal knowledge and skill that must be consulted in that connection, not the view of a layman; often the decision must be made with celerity and precision. Specifically his is the prerogative of withdrawing one of two defenses when he concludes that it cannot be sustained and that its fruitless pursuit may prejudice the other sound defense. Perhaps it may develop that he was mistaken in his judgment but that does not condemn him or retroactively sweep away his authority. If it appears that the attorney was negligent in the matter the client's remedy is against him personally. The trial judge and opposing counsel are justified in relying upon the apparent and presumptive authority of the attorney and in acting upon that basis." (*Duffy* v. *Griffith Co.* (1962) 206 Cal.App.2d 780, 787-788 [24 Cal.Rptr. 161].)

 Legal malpractice consists of the failure of an attorney "to use such skill, prudence, and diligence as lawyers of ordinary skill and capacity commonly possess and exercise in the performance of the tasks which they undertake." (*Lucas* v. *Hamm* (1961) 56 Cal.2d 583, 591 [15 Cal.Rptr. 821, 364 P.2d 685].) With the exception of a court appointment the relationship of attorney and client is created by contract, express or implied. (*Houston Gen. Ins. Co.* v. *Superior Court* (1980) 108 Cal.App.3d 958, 964 [166 Cal.Rptr. 904].) Thus, while an attorney's asserted failure to exercise the requisite skill and care may give rise to a legal malpractice action grounded on breach of contract as well as tort (*Neel* v. *Magana, Olney, Levy, Cathcart & Gelfand* (1971) 6 Cal.3d 176, 181 [98 Cal.Rptr. 837, 491 P.2d 421]), it does not furnish a basis for the reversal of a judgment entered against the client because of such failure on the part of his attorney.

The judgment is affirmed.

Hanson (Thaxton), J., and Dalsimer, J., concurred.