Filed 5/28/14  Sungate Country Owners Assn. v. Stephens CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

SUNGATE COUNTRY OWNERS
ASSOCIATION,

     Plaintiff and Respondent,

v.

TERRY STEPHENS,

     Defendant and Appellant.

E055751

(Super.Ct.No. INC1104718)

OPINION

APPEAL from the Superior Court of Riverside County.  Randall Donald White,
Judge.  Affirmed.

Terry Stephens, in pro. per.; Law Offices of Lawrence R. Bynum and Lawrence R.
Bynum for Defendant and Appellant.

Guralnick & Gilliland, Wayne S. Guralnick and Daniel M. Parlow for Plaintiff and
Respondent.

1

I

INTRODUCTION

Defendant Terry Stephens appeals from an order awarding plaintiff Sungate Country Owners Association (Sungate) its attorney's fees under former Civil Code section 1354, subdivision (c).[1] The record on appeal discloses that disputes between Sungate and Stephens began as early as 2008. Sungate brought this action against Stephens to compel compliance with its covenants, conditions, and restrictions (CC&Rs). After the trial court granted a preliminary injunction, Stephens sold his property and moved. Sungate dismissed the case without prejudice. The trial court made a mandatory award of attorney's fees of $13,482.50 to Sungate. (§ 1354, subd. (c).)CT 385}

On appeal, Stephens contends that the trial court deprived him of constitutional due process by denying a continuance of the hearing on Sungate's motion for attorney's fees and abused its discretion by determining that Sungate was the prevailing party. In that we are dealing with a statutory award of attorney's fees, the trial court did not lose jurisdiction after Sungate filed a voluntary dismissal. (*Parrott v. Mooring Townhomes Assn., Inc.* (2003) 112 Cal.App.4th 873, 876-877.) We hold there was no error or abuse of discretion and affirm the trial court's postdismissal order awarding fees to Sungate.

---

[1] This case was conducted in 2011 and 2012 under the Davis-Stirling Common Interest Development Act, former Civil Code section 1350 et seq. repealed in 2012, operative in 2014, reenacted as Civil Code section 4000 et seq. All further statutory references are to these former code sections unless stated otherwise.

II

FACTUAL AND PROCEDURAL HISTORY

On June 9, 2011, Sungate filed a complaint against Stephens[2] for breach of CC&Rs, injunctive relief, and declaratory relief. The complaint alleged Sungate is an owner's association that was organized to manage a common interest development (§ 1351, subd. (c)), located in Cathedral City and known as "Sungate Country." Stephens was an owner of a lot subject to the use restrictions contained in Sungate's CC&Rs. Sungate's lots are used exclusively for parking and residing in recreational vehicles. No permanent residential structures are allowed. In June 2011, Stephens had begun living on his lot without an approved recreational vehicle and engaging in construction of a permanent residential structure in violation of the CC&Rs. Sungate sought injunctive and declaratory relief and attorney's fees.

On June 13, 2011, Sungate made an ex parte application for a temporary restraining order and an order to show cause for a preliminary injunction, seeking to prohibit Stephens from 1) residing on his lot without the presence of an approved recreational vehicle and 2) engaging in construction activities. The trial court denied the temporary restraining order but set a hearing for the preliminary injunction. In its reply,

---

[2] The other defendant, Stephens's mother, Clara Stephens, is not a party to this appeal.

3

Sungate described how Stephens continued to live on the property and engage in construction activity for 12 days in June and July 2011.

In response, Stephens filed a request asking for an alternative dispute resolution procedure pursuant to sections 1363.810 through 1363.850. He also filed a declaration admitting that the approved recreational vehicle had been removed but disputing that he was in violation of the CC&Rs and asking that the court deny the injunction. Stephens also filed an answer to the complaint.

Stephens filed a request seeking a continuance to obtain a lawyer. Stephens also filed a sur-opposition, again denying that he was engaged in illegal construction or living on the property. He repeated his request for alternative dispute resolution.

On July 19, 2011, the trial court granted the preliminary injunction sought by Sungate.[3] In accordance with the terms of the injunction, on August 5, 2011, Sungate granted Stephens written permission to proceed with "deconstruction activities" to facilitate the sale of the lot. Stephens and his mother then sold their lot. On October 27, 2011, Sungate dismissed its action without prejudice.

In December 2011, Sungate filed a motion for attorney's fees, asserting it was the prevailing party because it had succeeded in compelling Stephens to comply with the governing documents, the CC&Rs. The amount of fees sought was $13,482.50 of the

---

[3] To the extent that Stephens attempts to challenge the preliminary injunction, it is not appealable more than 180 days after its issuance. (Cal. Rules of Court, rule 8.104; *Chico Feminist Women's Health Center v. Scully* (1989) 208 Cal.App.3d 230, 254.)

4

$30,000 charged to Sungate.  Sungate's lawyer, Daniel M. Parlow, declared that Stephens had refused to participate in informal dispute resolution.

On December 28, 2011, Stephens filed an application to continue the hearing, which was denied by the trial court.  On December 29, 2011, Stephens filed his opposition to Sungate's motion.  His primary objection was that the attorney's fees were an unreasonable amount, citing section 1369.850, because Sungate had refused to participate in alternative dispute resolution procedures.

In its reply, Sungate asserted that the alternative procedure demanded by Stephen differed from that set forth in the Davis-Stirling Act.  Additionally, Sungate had complied with section 1369.560, subdivision (a), which authorizes filing a complaint seeking injunctive relief without engaging in alternative dispute resolution.

At the telephonic hearing on January 4, 2012, Stephens argued that it was unreasonable to award fees after he had sold the property for only $25,000.  The trial court took the matter under submission and subsequently awarded attorney's fees in the amount of $13,482.50 in favor of Sungate against Stephens.  Stephens appealed.  (Code Civ. Proc., § 904.1, subd. (a)(2).)

III

THE POSTDISMISSAL AWARD OF ATTORNEY'S FEES

Stephens's due process arguments are based on a claim that the trial court wrongfully denied his request for a continuance to obtain legal counsel.  The standard of review is abuse of discretion.  (*Mahoney v. Southland Mental Health Associates Medical*

5

*Group* (1990) 223 Cal.App.3d 167, 170 (*Mahoney*).)  In determining the entitlement to attorney's fees under section 1354, subdivision (c), the appellate court conducts an independent review of whether an action is one to enforce an association's governing documents.  (*Salawy v. Ocean Towers Housing Corp.* (2004) 121 Cal.App.4th 664, 668.)  The determination of the prevailing party and the amount of the award are reviewed for abuse of discretion.  (§§ 1354, subd. (c), 1369.580; *Villa De Las Palmas Homeowners Association v. Terifaj* (2004) 33 Cal.4th 73, 94 (*Villa De Las Palmas*), citing *Heather Farms Homeowners Association v. Robinson* (1994) 21 Cal.App.4th 1568, 1574 (*Heather Farms*).)

Two statutes affect this appeal.  Section 1354, subdivision (c), provides:  "In an action to enforce the governing documents, the prevailing party shall be awarded reasonable attorney's fees and costs."  Section 1369.580 provides:  "In an enforcement action in which fees and costs may be awarded pursuant to subdivision (c) of Section 1354, the court, in determining the amount of the award, may consider whether a party's refusal to participate in alternative dispute resolution before commencement of the action was reasonable."

Stephens had no right to a continuance on the attorney's fees motion as a matter of law.  In civil proceedings, the due process clauses of the United States and California Constitutions guarantee the right of a party to appear by counsel retained at his own expense but do not compel the state to provide representation or ensure the representation is competent.  (*Kim v. Orellana* (1983) 145 Cal.App.3d 1024, 1027.)  In any event,

6

although Stephens apparently consulted with attorneys, none ever appeared on his behalf. Instead, Stephens chose to represent himself although he had the opportunity to retain counsel. The courts are not "a sanctuary for chronic procrastination and irresponsibility on the part of either litigants or their attorneys." (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638 [upholding the denial of a pro. per. litigant's application for a continuance].) The trial court's denial of a continuance was not an abuse of discretion causing a "miscarriage of justice." (*Mahoney*, *supra*, 223 Cal.App.3d at p. 170.)

Stephen's appeal also fails on the merits because substantial evidence supports the trial court's finding that Sungate was the prevailing party entitled to a mandatory award of attorney's fees. (*Martin v. Bridgeport Community Assn., Inc.* (2009) 173 Cal.App.4th 1024, 1039.) The trial court has no discretion in granting such fees, other than reasonableness and amount. (*Chapala Management Corp. v. Stanton* (2010) 186 Cal.App.4th 1532, 1546.) Here the trial court found that Sungate's action against Stephens was to enforce compliance with the governing documents, and Sungate was the prevailing party. As to the first element, there was no question that Sungate sought to enforce the use restrictions about residency and construction activities set forth in the CC&Rs. Stephens does not plausibly contend otherwise.

As to the second element, the "prevailing party" under section 1354, subdivision (c), is not rigidly interpreted but determined on a "practical level." (*Heather Farms, supra,* 21 Cal.App.4th at p. 1574.) The issue is generally controlled by whether the moving party achieved its main litigation objective. (*Villa De Las Palmas, supra,* 33

7

Cal.4th at p. 94.) In other cases involving statutory fee awards, a plaintiff is considered a prevailing party when the lawsuit was a "catalyst" motivating a defendant to provide the primary relief sought or succeeded in activating defendant to modify his behavior. (*California Common Cause v. Duffy* (1987) 200 Cal.App.3d 730, 741; *Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443.)

Here Sungate succeeded in enjoining Stephens from residing on his lot without a permitted recreational vehicle and from engaging in unauthorized construction activities, which finally motivated him to comply with the CC&Rs, as set forth in the declaration of a Sungate board member. After the injunction was granted, Sungate allowed Stephens to complete authorized "deconstruction" activities. Nevertheless, in simple language, Sungate got what it wanted and prevailed. After Stephens sold his lot rendering the action moot, Sungate properly dismissed its lawsuit without prejudice. Nonetheless, Sungate satisfied its litigation objectives.[4] (*Silver v. Boatwright Home Inspection, Inc.* (2002) 97 Cal.App.4th 443, 452.) The trial court correctly decided that Sungate was entitled to an award of attorney's fees.

---

[4] Civil Code section 1717, which applies to contractual attorney's fees provisions, does not apply to fees awarded under section 1354, subdivision (c). (*Heather Farms*, 21 Cal.App.4th at p. 1572.)

IV

DISPOSITION

Sungate asks this court to award appellate costs and fees, citing *Carter v. Cohen* (2010) 188 Cal.App.4th 1038, 1053, holding that the statutory authorization for the recovery of attorney's fees incurred at trial generally includes attorney's fees incurred on appeal unless the statute specifically provides otherwise.  Nevertheless, in the interests of justice, we order the parties to bear their own costs on appeal, including fees.  (Cal. Rules of Court, rule 828(a)(5).)  We affirm the trial court's postdismissal order awarding attorney's fees to Sungate.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

CODRINGTON
J.

We concur:


RAMIREZ
P. J.


KING
J.

9