Filed 1/5/15  Mecchi v. Hallquist CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## THIRD APPELLATE DISTRICT

### (Tehama)

----

| | |
|---|---|
| LEAH MECCHI, | C074900 |
| Plaintiff and Respondent, | (Super. Ct. No. CI67665) |
| v. | |
| TODD ROBERT HALLQUIST, | |
| Defendant and Appellant. | |

Todd Robert Hallquist appeals the trial court's civil harassment restraining order enjoining him from coming within 500 feet of certain real property and within 25 yards of certain protected persons.  He contends the court abused its discretion in denying his motion to continue the trial to permit him to find substitute counsel, and that the error was prejudicial because it denied Hallquist a fair hearing.  We conclude the trial court did not abuse its discretion and affirm the judgment.

1

## FACTUAL AND PROCEDURAL BACKGROUND

Hallquist's mother is a tenant in common with Leah Mecchi and others in real property known as Buck Camp in Tehama County. Hallquist had been arrested on the property before for possession of an illegal weapon and marijuana, in violation of his felony probation. He had also previously grown marijuana and cooked methamphetamine on the property. Hallquist's presence on the property was the subject of an ongoing property dispute between the owners of the property.

On February 28, 2013, Mecchi obtained a civil harassment temporary restraining order against Hallquist, preventing him from harassing or contacting Mecchi or her children and from coming within 1,000 yards of them, their home, workplace, and school, and the "[p]roperty known as Buck Camp and Hamilton Glade." Mecchi alleged Hallquist had been harassing her since the summer of 2012, causing her "extreme emotional distress" and preventing her from enjoying her property. She alleged Hallquist had driven past her cabin in full camouflage with another unauthorized guest dressed in full camouflage; looked into her cabin windows with binoculars; fired a firearm within 150 yards of her cabin; videotaped her while she hiked the property; sped past her cabin and on her driveway on dirt bikes; and approached her cabin while camouflaged and accompanied by other camouflaged individuals. A hearing on Mecchi's request for a civil harassment restraining order was scheduled for March 18, 2013.

Prior to the hearing, Hallquist submitted a response disagreeing with the orders requested, attempting to justify the complained-of acts, and denying he ever threatened or contacted Mecchi. He alleged Mecchi was using the civil harassment restraining order procedure to prevent him and Mecchi's cotenants from their lawful use of the property. He also presented a declaration Mecchi made in 2009, in which she attested that neither she nor her family had any conflict with Hallquist and that they had not been threatened by him.

2

At the hearing, Hallquist's counsel sought a continuance to conduct discovery; Mecchi did not oppose the requested continuance on the condition the temporary restraining orders remain in effect. The court continued the hearing to April 15, 2013 for trial, modified the restraining orders at Hallquist's request and maintained them in place, as modified. On April 15, 2013, the court heard a discovery dispute between the parties rather than the scheduled civil harassment restraining order trial, which was continued to May 29, 2013.

Prior to trial, on May 23, 2013, Hallquist filed a substitution of attorney, replacing counsel to represent himself in propria persona instead. The next day, Hallquist filed a declaration indicating that he intended to move for a continuance of the hearing to "retain adequate legal council [*sic*]." Hallquist averred that he "recently had to terminate [his legal] representation . . . due to a conflict and significant disagreements about how to defend [his] case. This issue only arose this week [(one week prior to the hearing)] when [Hallquist] met with [counsel] at a pre-trial meeting." Hallquist further declared that he was "currently interviewing attorneys and will likely retain one within the next week."

On the first morning of trial—May 29—Hallquist requested a continuance to "seek representation" since he was without counsel not "by choice, but by necessity" since a conflict arose the week prior to trial as to "how to proceed with [his] defense." Mecchi opposed the continuance because Hallquist had already obtained a previous continuance, "extensive" depositions had been taken, the request was deficient because no written motion had been made, Mecchi's witnesses were present, and "[p]rolonging this litigation is not in the interests of justice."

The court denied Hallquist's request for a continuance. It found that civil harassment restraining order matters are entitled to preference as "summary and expedited proceed[ings]"; that the matter had been set for trial more than a month earlier; that Hallquist's declaration regarding his request for a continuance was not filed until a

3

week after the final settlement conference; that the request to continue the hearing does not comply with the California Rules of Court applicable to motions to continue trials (Cal. Rules of Court, rule 3.1332)[1] because there was no noticed motion, no ex parte application, and no request for an order shortening time; and the declaration "at best is vague with respect to the termination of representation."

The trial court described various factors it was required to consider in deciding whether to continue trial: "the proximity of the trial date to the request being made, any previous continuances and extensions of time and delays of trial, and prejudice to the parties and witnesses that may be suffered if there is a continuance; if the case is entitled to preference, the reason for that status and whether the continuance outweighs the need for delay." The court also noted that the only applicable grounds for a continuance, substitution of trial counsel, requires "an affirmative showing that the substitution is required in the interests of justice" and that Hallquist had not made that showing. The trial court found there was not "good cause for the continuance. The request is not only procedurally defective, factually it is defective as well."

Trial commenced immediately, and the court heard two days of testimony— including extensive direct and cross-examinations of witnesses by Hallquist—and argument. After the parties concluded their arguments, the court summarized the evidence as establishing that Hallquist did more than the "hunting" he claimed by "being outside [Mecchi's] cabin in his car for at least an hour, [Mecchi] in the dark not being able to go back to where she needed to be, the repeated passes past the cabin and peering in, driving by repeatedly, the apparent—or at least alleged—spying on her whether it was a vantage point or otherwise, driving by slowly while looking in with binoculars, [and] the shot fired [by an unknown person]."

---

[1] Undesignated rule references are to the California Rules of Court.

4

The court found "the fact that on multiple occasion[s] [Hallquist] was in very close proximity to the property apparently not . . . lawfully engaged in hunting . . . evidences . . . a course of conduct that shows a pattern of conduct composed of a series of events over a period of time evidencing a continuity of purpose, including following or stalking an individual," and found the harassment was "knowing and willful" and caused Mecchi "to suffer substantial emotional distress." Therefore, the court ordered that, for a period of three years, Hallquist was to remain 25 yards away from Mecchi, her children, her home, her workplace, her children's school and child care, and her vehicles, and to remain 500 feet away from both Buck Camp and Hamilton Glade. That restraining order was entered on June 21, 2013.

On July 5, 2013, Hallquist filed a notice of intention to move for a new trial pursuant to Code of Civil Procedure sections 657 and 659. He thereafter sought and received an extension of time to file papers in support of his motion for new trial. Following a hearing, the court denied Hallquist's motion for a new trial as procedurally deficient because it lacked "specific factual or legal grounds for his [motion] *as supported by relevant authorities*" and any memorandum of points and authorities. (Italics added.) The court also denied the motion on its merits, finding Hallquist had not presented adequate grounds for a continuance of the trial, and that none of the evidence proffered by Hallquist would merit granting a new trial.

Hallquist appeals the civil harassment restraining order.

## DISCUSSION

Hallquist implicitly acknowledges his request for a continuance did not comply with the procedural requirements of rule 3.1332. Nonetheless, he contends the trial court prejudicially erred in denying his request because he demonstrated that he had only recently parted with counsel due to a "conflict and significant disagreements," was in the process of seeking replacement counsel, and expected to have new counsel within a

5

week; the continuance would not have prejudiced Mecchi because the temporary restraining orders would have remained in place; and Hallquist was prejudiced because he was forced to represent himself at trial and was an ineffective advocate. We conclude the trial court did not abuse its discretion in refusing Hallquist's request to continue the trial.

Trial courts generally have broad discretion in deciding whether to grant a request for continuance. (*Freeman v. Sullivant* (2011) 192 Cal.App.4th 523, 527.) "Reviewing courts must uphold a trial court's choice not to grant a continuance unless the court has abused its discretion in so doing." (*In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 823.) The party whose request for a continuance was denied bears the burden of showing the trial court abused its discretion. (*Mahoney v. Southland Mental Health Associates Medical Group* (1990) 223 Cal.App.3d 167, 170.)

In civil cases, continuances of trial are disfavored, the assigned trial dates are firm, and parties and their counsel must regard the trial date as certain. (Rule 3.1332(a) & (c).) A party seeking a continuance must make the request by a noticed motion or an ex parte application, with supporting declarations, as soon as reasonably practicable once the need for the continuance is discovered. (Rule 3.1332(b).) And then, the trial court "may grant a continuance only on an affirmative showing of good cause requiring the continuance." (Rule 3.1332(c).) Good cause may be found where there is a "substitution of trial counsel, but only where there is an affirmative showing that the substitution is required in the interests of justice." (Rule 3.1332(c)(4).) In ruling on a motion for continuance, the trial court must consider all relevant facts and circumstances, including the proximity of the trial date; whether previous continuances were granted; the length of the requested continuance; prejudice that parties or witnesses will suffer as a result of a continuance; whether the case is entitled to preferential trial setting; and whether the interests of justice are best served by a continuance. (Rule 3.1332(d).)

Civil litigants have the right to appear by counsel retained at their own expense (*Kim v. Orellana* (1983) 145 Cal.App.3d 1024, 1027), but this does not excuse a litigant, who has substituted into the case in propria persona, from following appropriate rules and procedures in seeking a continuance to obtain counsel, and nor does it necessarily entitle him or her to a continuance. (*Nelson v. Gaunt* (1981) 125 Cal.App.3d 623, 638-639; *Agnew v. Parks* (1963) 219 Cal.App.2d 696, 701-702.) And, if the litigant does not show diligence in obtaining replacement counsel or that the substitution of counsel was necessary, it is not an abuse of discretion to deny a continuance even where it results in the deprivation of legal representation. (7 Witkin, Cal. Procedure (5th ed. 2008) Trial, §§ 13-14, pp. 41-43.)

A petition for a civil harassment restraining order pursuant to Code of Civil Procedure section 527.6 " 'is not an ordinary civil action. [Citation.] The statute provides for an action to be completed in a matter of weeks and incorporates an expectation that victims may often seek relief without the benefit of a lawyer.' " (*Kenne v. Stennis* (2014) 230 Cal.App.4th 953, 970.) Here, Hallquist had previously requested and obtained a continuance of trial for a month to April 15, 2013, and the matter was further continued to May 29, 2013. By statute, the hearing on the petition for a civil harassment restraining order is to be heard within 25 days of the issuance of the temporary restraining order. (Code Civ. Proc., § 527.6, subd. (g).) Here, Hallquist sought a further continuance to "seek representation" 90 days after the temporary restraining order issued. At that time, he had "interviewed" a couple of potential counsel and thought he might retain a lawyer within a week, though he did not indicate whether that potential lawyer had even been identified. And, the new lawyer would almost certainly want time to prepare for trial, so the continuance requested was of unknown duration in a case entitled to expedited processing.

Additionally, though Hallquist indicated that a disagreement between himself and counsel had arisen in the week prior to trial, he also indicated that it was he who had terminated the representation. That Hallquist elected on the eve of trial to terminate his counsel without having already retained new counsel is not "an affirmative showing that the substitution is required in the interests of justice." (Rule 1.332(c)(4).) Nor did Hallquist present any argument that a continuance would serve the interests of justice. Moreover, Mecchi was present with her counsel, and her witnesses were also present and ready to testify. Finally, Hallquist did not comply with the requirements set forth in rule 3.1332(b): He did not file a noticed motion, seek an ex parte application, or provide declarations establishing good cause for the continuance.

On this record, we find the trial court did not abuse its discretion in denying Hallquist's request to continue trial.

## DISPOSITION

The judgment is affirmed.


                                        _____BUTZ_____, J.


We concur:


_____RAYE_____, P. J.


_____BLEASE_____, J.