[No. B026037. Second Dist., Div. Two. July 5, 1989.]

SANDY ELSTER et al., Plaintiffs and Respondents, v.
PHILLIP C. FRIEDMAN et al., Defendants and Appellants.

## COUNSEL

William E. Johnson for Defendants and Appellants.

Paul R. Torre and Caditz & Grant for Plaintiffs and Respondents.

## OPINION

**ROTH, P. J.**—Phillip C. Friedman and Charlene Kahle appeal from the award of costs and attorney fees in favor of Sandy Elster and Ernestine Elster in the Elsters' action for an injunction prohibiting harassment. The question on appeal is whether respondents are the "prevailing parties" within the meaning of Code of Civil Procedure section 527.6, subdivision (h).[1] We affirm.

---

[1] While appellants' notice of appeal indicates that they appealed from "the signing and entry of the mutual injunction," they do not argue the point in their appellate brief. We there-

The following allegations are taken from respondents' application for a temporary restraining order. In 1973 respondents bought a duplex comprising an upper unit and a lower unit. In December 1974 they conveyed a one-half interest, with an exclusive right to occupy the ground floor, to Robert and Frances Klein. Respondents continued to live in the upper unit. The Kleins conveyed their interest to third parties; title to the lower unit came to rest in appellant Friedman on January 26, 1982. Kahle started living with Friedman in April 1985.

After the half-interest was transferred to Friedman the County Assessor reassessed the property and increased the property tax. Friedman and respondents could not agree on how to apportion the tax increase, leading to cross-actions for declaratory relief.

Beginning in the spring of 1985 appellants allegedly began playing their stereo at an unnaturally loud and disturbing level. When respondents complained, appellants replied that they were retaliating for the allegedly excessive noise respondents created when they walked on their floor (the lower unit's ceiling), or when they moved their dining room chairs.

Appellants allegedly made numerous, meritless complaints to animal regulation officials that respondents were mistreating their dog.

In July 1985 respondents started parking in the spaces assigned to appellants. Thereafter parking allegedly became another serious source of conflict between the neighbors.

On September 13, 1985, respondents offered to dismiss the property tax declaratory relief action if appellants would moderate their conduct. Mr. Elster admitted that they were considering selling the upper unit in order to escape appellants. No agreement was reached; instead, the alleged harassment intensified.

There is a shed on the patio in which respondents kept their bicycles. On October 15, 1985, appellants broke into the shed, removed the bicycles, and changed the lock.

Respondents began spending less time at home. Once, Ernestine Elster allegedly stayed at a hotel rather than go home, because her husband was out of town; she was frightened of being alone while appellants were downstairs. In September 1985 she began seeing a psychologist.

fore consider the issue abandoned. (*Mann* v. *Cracchiolo* (1985) 38 Cal.3d 18, 41 [210 Cal.Rptr. 762, 694 P.2d 1134].)

On December 15, 1985, respondents filed a petition for an injunction prohibiting harassment, and for a temporary restraining order. Based on the foregoing allegations the court issued the temporary restraining order forbidding appellants from threatening or contacting respondents; in addition, appellants were forbidden from playing their stereo unreasonably loudly, parking in respondents' parking spaces, ringing respondents' doorbell, or interfering with respondents' exclusive use of the bicycle shed.

On January 17, 1986, appellants served an offer to compromise involving a mutual injunction, which offer respondents did not accept. On February 5, 1986, appellants filed their response to respondents' petition, in which they denied respondents' charges; they considered that they were merely "exercising their rights to speak, to protect themselves and their property, and to enjoy the use of their property."

The hearing on the petition was had on February 12, 1986. The court and counsel conferred in chambers without a reporter and were able to work out a stipulated judgment similar to the temporary restraining order, which was then read into the record. In essence each side agreed not to harass or annoy the other side. For example, the first paragraph states: "Phillip C. Friedman, Charlene Kahle and their agents refrain from alarming, annoying or harassing Sandy Elster, Ernestine S. Elster and their guests. Sandy Elster, Ernestine S. Elster and their agents refrain from alarming, annoying or harassing Phillip C. Friedman, Charlene Kahle and their guests."

The injunction was to be effective for one year and was to be deemed dissolved as to any party who moved out of the duplex. In July 1986 Friedman sold his interest to respondent and both appellants moved out.

On July 5, 1986, respondents filed their memorandum of costs, including attorney fees, for about $18,225. Appellants moved to strike, or alternatively to tax costs as well, on the theory that appellants were also prevailing parties. The court granted respondents $9,112 in costs and attorney fees.

On November 10, 1986, appellants moved for costs and attorney fees, and moved to dismiss the action on the ground that the case was mooted by their vacating the premises. The motion was denied.

A judgment embodying the stipulated injunction was entered on December 31, 1986.[2] This appeal followed.

---

[2] The judge who presided at the original hearing on the petition had died. The court therefore proceeded under Code of Civil Procedure section 635: "In all cases where the decision of the court has been entered in its minutes, and when the judge who heard or tried the case is

Code of Civil Procedure section 527.6, relating to injunctions prohibiting harassment, states in part: "(h) The prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any." The court plainly found respondents to be the prevailing party, since it awarded respondents costs and attorney fees. Did the court err?

We have found no case interpreting the term "prevailing party" as used specifically in section 527.6. We turn for guidance to a more general statute, Code of Civil Procedure section 1032, which states in part: "(a) . . . (4) 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do not recover any relief against that defendant. *When any party recovers other than monetary relief and in situations other than as specified, the 'prevailing party' shall be as determined by the court . . . .*" (Italics added.)

■ We believe this general definition of "prevailing party" may be used to illuminate section 527.6, subdivision (h). The italicized portion of section 1032, which applies to the case at bench, indicates that determination of the prevailing party lies in the trial court's sound discretion. We adopt this interpretation.

This conclusion is corroborated by the Supreme Court's interpretation of an analogous statute, Code of Civil Procedure section 1021.5, which is "a codification of the private attorney general doctrine of attorney fees . . ." (*Maria P.* v. *Riles* (1987) 43 Cal.3d 1281, 1288 [240 Cal.Rptr. 872, 743 P.2d 932].) "The trial court's decision on this issue [award of attorney fees] should be reversed only if there has been a prejudicial abuse of discretion." (*Id.* at p. 1291.) While the case at bench involves benefits conferred on the parties rather than on the public at large, that does not affect the reasoning on this point. On appeal therefore the trial court's determination must be upheld unless there is a manifest abuse of discretion.

■ We turn to the fundamental question of whether respondents can be prevailing parties when the terms of the injunction apply to them as well as to appellants.

■ A plaintiff prevails, in essence, when he gets most or all of what he wanted by filing the action. "A plaintiff will be considered a prevailing party when the lawsuit ' "was a catalyst motivating defendants to provide the

---

unavailable, the final judgment or order conforming to the minutes may be signed by the presiding judge of the court."

primary relief sought"' or succeeded in ' "activating defendants to modify their behavior."' [Citation.]" (*California Common Cause* v. *Duffy* (1987) 200 Cal.App.3d 730, 741 [246 Cal.Rptr. 285].) Moreover, "[a] plaintiff should not be denied attorneys' fees because resolution in the plaintiff's favor was reached by settlement . . . ." (*Id*. at p. 742.)[3]

At bench, respondents wanted appellants to stop playing their music too loudly, to stop telephoning them in the middle of the night, and generally to leave them alone. Respondents got precisely that from the settlement. It is irrelevant that they were symmetrically bound by the injunction, since nothing in the record even hints that they were anything but the victims in this case. The injunction forbade respondents from doing what they apparently had never done and had no apparent desire to do. To consider this significant would be to elevate form over substance.

We hold that the trial court did not abuse its discretion in concluding that respondents prevailed.

Appellants argue that they nevertheless are not liable for respondents' costs because they offered to settle the case, citing Code of Civil Procedure section 998, subdivision (c), which states in part: "If an offer made by a defendant is not accepted *and the plaintiff fails to obtain a more favorable judgment,* the plaintiff shall not recover his or her costs and shall pay the defendant's costs from the time of the offer." (Italics added.)

This section is inapplicable because the judgment respondents received *was* more favorable than appellants' offer to compromise. For example, appellants' offer would have prohibited "any unreasonable or excessive noise." Respondents rejected this language because appellants contended that they made excessive noise simply by walking across their floor. The injunction instead focused on "any radio, musical instrument, phonograph, television, receiver or other machine," i.e., the devices which respondents claimed appellants were abusing.

Another important difference is that appellants' offer contemplated each side bearing its own costs and attorney fees, whereas the injunction permits the prevailing party to recover these costs from the losing party. Thus, the injunction was more favorable than the proposed settlement.

We conclude that the award of costs and attorney fees to respondents was proper.

---

[3] *California Common Cause* interprets Code of Civil Procedure section 1021.5, but again that is irrelevant to the point we are considering.

The judgment is affirmed. Respondents shall recover their costs and attorney fees on appeal.

Gates, J., and Fukuto, J., concurred.