Filed 6/29/16  Sahansra v. Myers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| KULVINDER SINGH SAHANSRA, | C070001 |
| Plaintiff and Appellant, | (Super. Ct. No. SCV0029911) |
| v. | |
| SANDRA RAE MYERS, | |
| Defendant and Respondent. | |

Appellant Kulvinder Singh Sahansra (Singh), an attorney representing himself, filed in the trial court a petition seeking a civil order prohibiting harassment by Sandra Rae Myers, an attorney who represented Singh's ex-wife in their divorce proceedings. (Code Civ. Proc., § 527.6 [defining harassment as "unlawful violence, a credible threat of violence" or a course of conduct that would cause a reasonable person to suffer substantial emotional distress and does cause such distress]; undesignated statutory

1

references are to this Code.) After a hearing which Singh calls a "trial" (*Schraer v. Berkeley Property Owners' Ass'n.* (1989) 207 Cal.App.3d 719, 731-732 [there is no full trial on the merits of a section 527.6 petition, but the court must hold a hearing]), the trial court found Singh failed to show harassment and entered judgment denying the petition and awarding attorney fees to Myers, who was represented by counsel from her law firm, Keegan and Myers, P.C. (§ 527.6, subd. (s) ["The prevailing party in any action brought under this section may be awarded court costs and attorney's fees, if any"].) In a postjudgment order, the trial court denied Singh's "motion for a new . . . trial" and awarded Myers additional attorney fees in connection with that proceeding.

Though Singh admits in his appellate brief that he "is no longer seeking a harassment order," he appeals from the judgment and postjudgment order, hoping to avoid the attorney fee awards. He wants us to conclude the record shows legal error regarding the award of attorney fees, vacate the orders, and remand to the trial court with directions to let Singh "drop the matter" because he has not been harassed since September 2011.

Since there was no court reporter at the trial court proceedings, there is no reporter's transcript. There is a settled statement prepared by the trial court. (Cal. Rules of Court, rule 8.137 (Rule) [condensed narrative in lieu of reporter's transcript]; undesignated rule references are to California Rules of Court.) Singh's designation of the clerk's transcript on appeal was sparse and did not even include his petition for protective order, motion for new trial, Myers's request for attorney fees, or the opposition papers.

Singh falsely claims the trial court promised to "certify" his proposed settled statement (despite objections by Myers), and falsely claims "There was no settled statement proffered by respondent." Singh also claims the trial court failed to rule on his motion to admit exhibits (which Singh elsewhere shows were admitted) and failed to rule on his request for a statement of decision (though Singh admits the trial court recalled denying the request as untimely). Singh also claims, without support, that Myers was not

entitled to attorney fees because the attorney who represented her was her husband and law partner.

As noted by Myers, Singh's appellate brief is deficient. It misstates the record, cites only to Singh's own *proposed* settled statement, and cites no pertinent legal authority supporting reversal. Myers argues this is a frivolous appeal warranting dismissal and sanctions. (§ 907; *In re Marriage of Gong & Kwong* (2008) 163 Cal.App.4th 510, 516.) Singh has not filed a reply brief, despite asking for and receiving extensions of time to do so.

We conclude this is a frivolous appeal filed solely for purposes of delay. We dismiss the appeal, but the nature of the case requires this written opinion. We order Singh to pay sanctions in the amount of $7,500, payable to the clerk of this court to defray the costs of processing this appeal. We remand the matter to the trial court to determine the amount of Myers's attorney fees incurred in defending the appeal and seeking sanctions. Pursuant to Business and Professions Code section 6086.7 and Rule 10.609, we order that the sanctions be reported to the State Bar.

FACTS AND PROCEEDINGS

We begin with the facts from the trial court's "SETTLED STATEMENT ON APPEAL" (Rule 8.137), dated March 28, 2013, stating:

Singh filed the request for an order to stop harassment on September 19, 2011. A temporary restraining order (TRO) with no judicial signature issued on September 20, 2011, and a hearing was set. The matter was continued, and trial began and ended on October 7, 2011. Singh called Myers as a witness. She testified she represented Singh's wife in the dissolution proceeding, where Singh represented himself. Myers sent two e-mails to Singh in response to statements Singh made about Myers in the family law case. The court allowed Singh to call two witnesses out of order -- the ex-wife Harleen Sodhi and attorney Randall Tanaka -- neither of whom provided any useful testimony about the

3

harassment claim. Singh then resumed his examination of Myers. Myers's attorney then called her as a witness in her own defense. She testified she sent only two e-mails on September 15, 2011, in response to Singh's statements about her. Both sides rested. Singh gave a closing argument; the defense did not. "The Court ruled that Mr. Singh had not shown harassing behavior and denied his motion for a permanent restraining order. [¶] Upon a motion for attorneys' fees by Respondent Myers'[s] attorney Patrick Keegan, the Court awarded attorney's fees of $12,000. [¶] [Singh] did not request a statement of decision in a timely manner. [¶] There being no reporter's transcript of the proceedings, the above was created from the clerk's minutes, the pleadings and the Court's best recollection of the facts and rulings."

The clerk's transcript contains Singh's exhibits, two of which he references in his appellate brief. One is a September 15, 2011, e-mail from Myers to Singh, protesting that Singh "cross[ed] the line" in written communications to the family court and falsely accused her of saying that any attempt by him to set the divorce case for trial would be the "last nail in your coffin." The other cited exhibit is a letter from Myers to Singh dated September 15, 2011, noting Singh had filed a declaration in family court making false accusations impugning Myers's ethics and suggesting she was "a hog that should be slaughtered." Myers's letter stated: "The fact that you continue to make such statements, and even in public court documents when you are a practicing attorney, causes me great concern for your mental and emotional stability. I consider these statements to be barely veiled threats on my life." She warned that she would seek a restraining order if he persisted.

In addition to the foregoing settled statement, the record contains the court's "TRIAL MINUTES," which said no court reporter was present and the court ruled there shall be no audio recordings of these proceedings by either party. The minutes further show that, after a recess the court directed Singh to surrender his recording device to the bailiff until completion of the proceedings. The court dissolved any TRO.

4

On November 16, 2011, the court heard and denied Singh's motion for new trial. Singh did not designate moving or opposition papers to be included in the record on appeal, but the record contains the court's Law and Motion minutes for November 16, 2011, showing the trial court denied Singh's motion for new trial, granted Myers attorney fees in connection with the motion for new trial, but denied Myers's motion to declare Singh a vexatious litigant. The minutes state, "The court suggests that these matters might be addressed via the California State Bar."

In December 2011, Singh filed notices of appeal from the judgment and postjudgment orders.

Since there was no reporter's transcript, Singh in April 2012 asked the trial court to approve his proposed "settled statement[s]" of the two hearings under Rule 8.137. He separately numbered the pages of his narrative for the two hearings, though they read as one document.

Pursuant to Rule 8.137, which allows objections and proposed amendments, Myers filed objections to Singh's proposed settled statement and included Myers's own "PROPOSED SETTLED STATEMENTS," attached as an exhibit to, and referenced, in her "OBJECTIONS TO APPELLANT'S PROPOSED SETTLED STATEMENT."

Rule 8.137(c) requires the judge to settle the statement. Trial court minutes dated May 8, 2012, show a proceeding to discuss the matter. The minutes indicate a reporter was present (but Singh has not brought up a reporter's transcript for the appeal). The minutes show Singh asked the court to listen to unofficial recordings he had from earlier proceedings, to refresh the court's memory. The court denied the request and asked Singh to turn off all recordings. Singh indicated he was unplugging his computer. The court stated it was informed that there was a recording device in Singh's black bag. The bailiff found Singh in possession of a small recording device that was in the "record" position. The bailiff turned it off and held it until the proceeding ended. The court

5

declined to order sanctions for Singh's prohibited use of a recording device but indicated it would report Singh's violation to the state bar.

The trial court minutes show: "The court[] states both settled statements and exhibits are to be sent up for appeal."

On January 14, 2013, Singh asked the trial court to "certify" his proposed settled statement. Singh cited Rule 8.155(b), which states "If a clerk or reporter omits a required or designated portion of the record, a party may serve and file a notice in superior court specifying the omitted portion and requesting that it be prepared, certified, and sent to the reviewing court. . . ." Singh claimed, "The certification was made by spoken order by Judge James F. Dawson . . . It is not noted in the minutes of May 8, 2012 but can be implied from the phrase 'The courts [*sic*] states both settled statements and exhibits are to be sent up for appeal."

The trial court in a February 19, 2013, order denied Singh's request, noting Singh cited only an inapposite rule of court (Rule 8.155(b)) for augmenting the record to include documents inadvertently omitted from the clerk's transcript, whereas Singh was not asking for clerical action but was requesting judicial action -- "i.e., a new court order settling his proposed statement . . . ." The trial court said it was for the reviewing court to order the trial court to settle disputes about omissions in the record. (Rule 8.155(c)(2) ["[T]he reviewing court [may] order the superior court to settle disputes about omissions or errors in the record"].) The trial court added that, even if it had jurisdiction to act, Singh was making his request nearly eight months after the record was filed in the Court of Appeal, with no explanation for the delay.

Singh filed in this court motions to remand to the trial court for augmentation of the record, asking us to order the trial court to stamp as "certif[ied]" Singh's proposed settled statement.

On March 15, 2013, we issued an order directing the trial court to "settle the record of the oral proceedings of October 7, 2011, and November 16, 2011, and to

6

forthwith transmit that settled record to this court; or to expressly determine that the court is unable to settle the record of those proceedings, and to forthwith transmit that determination to this court . . . ."

On March 28, 2013, the trial court submitted the settled statement described above, which narrates only the hearing on the petition.

We thus come to this appeal from the judgment and postjudgment orders. Myers asks us to clarify that a different appeal, Singh v. Myers (C073312), was dismissed by Singh. It was. Myers appears to think the dismissed appeal was from the order denying new trial, but it was not. It related to the trial court's failure to certify a settled statement, which was rendered moot when the trial court's settled statement was filed on appeal.

DISCUSSION

I

*Inadequate Record and Brief*

Singh acknowledges the judgment is presumed correct, and error must be affirmatively shown. (*Denham v. Superior Court of Los Angeles County* (1970) 2 Cal.3d 557, 564.) As appellant, the burden was on Singh to present an adequate record for appellate review. (*Maria P. v. Riles* (1987) 43 Cal.3d 1281, 1296 (*Maria P.*).)

Absent an oral transcript of the proceedings or its equivalent, an appellant cannot challenge the sufficiency of the evidence supporting a judgment. (*Aguilar v. Avis Rent A Car Sys.* (1999) 21 Cal.4th 121, 132.) An equivalent of an oral transcript is a settled statement under Rule 8.137 -- the purpose of which is to provide the appellate court with an adequate record from which to determine contentions of error. (*Maria P., supra*, 43 Cal.3d at p. 1296.) Absent a record of oral proceedings, the case presents a judgment roll appeal, in which we conclusively presume evidence was presented sufficient to support the trial court's findings, and the trial court's conclusions are binding on us

7

unless error appears on the face of the record. (*Bond v. Pulsar Video Productions* (1996) 50 Cal.App.4th 918, 924 (*Bond*).)

As appellant, Singh also has the burden to present an appellate brief that contains citation to the record to support factual assertions and that contains legal analysis and authority supporting appellant's position. (*(Raj) Singh v. Lipworth* (2014) 227 Cal.App.4th 813, 817.) "[T]he trial court's judgment is presumed to be correct, and the appellant has the burden to prove otherwise by presenting legal authority on each point made and factual analysis, supported by appropriate citations to the material facts in the record; otherwise, the argument may be deemed forfeited. [Citations.] [¶] It is the appellant's responsibility to support claims of error with citation and authority; this court is not obligated to perform that function on the appellant's behalf." (*Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655-656.)

Singh forfeits each contention by failing to meet these standards.

II

*Settled Statement*

Singh's appellate brief pretends this appeal presents "novel issues" regarding settled statements under Rule 8.137. Not so. Rather, this appeal misrepresents what happened in the trial court and fails to cite any appropriate legal authority supporting reversal.

What happened in the trial court was that Singh submitted a proposed settled statement; Myers filed objections and submitted with its objections an opposing proposed settled statement; and the trial court said "both settled statements and exhibits are to be sent up for appeal." Singh later asked the court to fix an "omission" by stamping as "certif[ied]" his proposed settled statement. The trial court said no, noting Singh cited an inapposite rule of court (Rule 8.155(b)(1)), which authorizes the trial court clerk to certify and transmit the trial court record to the court of appeal, whereas Singh was not

8

asking for clerical action but was requesting judicial action -- a "new" court order settling his proposed statement. We directed the trial court to prepare a single settled statement or indicate inability to do so. The trial court prepared its own settled statement (which differs from Singh's proposed settled statement). (*Marks v. Superior Court* (2002) 27 Cal.4th 176, 195 [trial court has full and complete power to make final determination of the content of the settled statement absent a showing that the court acted in an arbitrary fashion].)

What Singh's appellate brief does is claim (falsely) that Myers did not file an opposing settled statement. And, despite being corrected by the judge, Singh on appeal repeats his erroneous interpretation that the judge intended to certify Singh's settled statement(s) as the official record. Singh suggests the trial court's reference to sending "both statements" meant statements Singh prepared "for the two hearing dates" (which Singh submitted in a single document captioned "PROPOSED SETTLED STATEMENTS." However, Singh himself referred to his narrative of the two hearing dates as his "settled statement" (singular). Moreover, Singh knows the trial court did not mean "both statements" to be Singh's proposed statement of the two hearings, because the court rejected that interpretation by its subsequent denial of Singh's request to supply the "omitted" certification stamp.

Singh blames the trial court for depriving him of an adequate record for appellate review by neglecting to "certify" Singh's statement. On appeal, Singh cites inapposite treatise excerpts about augmenting the record on appeal to include trial court documents inadvertently omitted from the papers transmitted to the Court of Appeal, even though the trial court already explained to him that that clerical rule does not apply here where Singh was asking for judicial action.

Singh neither cites to appropriate pages of the record nor offers supportive legal authority. For his factual assertions, he cites only to his own proposed settled statement, which the trial court declined to certify, and which accordingly is meaningless.

9

Although the trial court neglected to provide a settled statement for the hearing on the motion for new trial, Singh offers no legal analysis or authority that this would warrant reversal. Having failed to show error at the "trial," Singh cannot show irregularities compelling a new trial.

Insofar as Singh argues in the alternative that the trial court's settled statement is not adequate for review, that leaves us with a judgment roll appeal based on the clerk's transcript, which does not help Singh. (*Bond, supra*, 50 Cal.App.4th at p. 924.)

Singh forfeits any challenge to the settled statement.

III

*Exhibits*

Singh claims the trial court failed to rule on admitting his exhibits into evidence. However, the exhibit list in the clerk's transcript shows the exhibits were admitted, except for one, which Singh does not address in his appellate brief. Indeed, Singh fails to offer legal authority or analysis as to any particular exhibit, indeed fails to cite any authority whatsoever, and his citations to the record are all to his *proposed* settled statement, which the trial court rejected.

Moreover, Myers's e-mail and letter of September 15, 2011 -- which are the only two exhibits referenced in Singh's appellate brief -- do not come anywhere close to constituting harassment.

IV

*Statement of Decision*

Singh falsely claims the trial court failed to rule on his request for statement of decision. Yet Singh's proposed settled statement admits the trial court recalled the request was untimely. Singh offers no evidence or legal analysis or authority to show the request was timely. The contention is meritless.

10

V

*Attorney Fees*

Attorney fee awards are reviewed for abuse of discretion.  (*Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1444 [§ 527.6 fee award].)

Singh argues:  "The award of attorney fees to a spouse of a party who they don't pay is improper.  No authority exists for Ms. Myers to pay fees to Mr. Keegan who is her husband."

Singh cites nothing in the record to show that Keegan is Myers's husband, or that Keegan was not being paid.  Even assuming the assertions are true, the appeal still fails because on appeal it is Singh who has the burden to provide legal authority warranting reversal of the trial court's decision.

Singh cites no legal authority whatsoever supporting his position.  Nor does Singh address or distinguish case law holding attorney fee awards may be appropriate where an attorney-litigant was represented by an attorney who was also the litigant's spouse or another lawyer from the same law firm.  (E.g., *Rickley v. Goodfriend* (2012) 207 Cal.App.4th 1528 [where attorney and her spouse, as homeowners, sued to enforce a nuisance judgment against neighbors, attorney may recover attorney fees if the nonattorney spouse consulted the spouse-attorney in a professional capacity and their relationship, in terms of the lawsuit, was for the purposes of obtaining legal advice]; *Gilbert v. Master Washer & Stamping Co*. (2001) 87 Cal.App.4th 212, 214 [attorney who is sued in a matter involving personal interests and is represented by another partner in his or her law firm may recover (Civ. Code, § 1717) attorney fees for services rendered by that partner]; see also, *Rickley v. Goodfriend, supra*, 207 Cal.App.4th at p. 1534 [modern jurisprudence does not require litigant to have actually incurred the fee].)  Whether or not an award is appropriate in a particular case depends on the facts.  Singh

11

did not even designate the motion for attorney fees or opposition papers to be included in the clerk's transcript. He has failed to provide an adequate record for review.

Singh has forfeited his challenge to the attorney fee awards.

VI

*Sanctions*

Myers asks us to declare Singh a vexatious litigant (Code Civ. Proc., § 391), and/or impose sanctions against him for a frivolous appeal filed for purposes of delay. (Code Civ. Proc., § 907; Rule 8.276(a).) She represents that Singh has not paid any of the attorney fee awards. We decline to declare Singh a vexatious litigant at this time, but we do conclude sanctions are appropriate.

"When it appears to the reviewing court that the appeal was frivolous or taken solely for delay, it may add to the costs on appeal such damages as may be just." (§ 907; see also, Rule 8.276 [on motion of party or its own motion, appellate court may impose sanctions for taking a frivolous appeal or appealing solely to cause delay].) "California courts have the inherent power to dismiss frivolous appeals. [Citations.]" (*In re Marriage of Gong & Kwong, supra*, 163 Cal.App.4th at p. 516.)

" '[A]n appeal may be found frivolous and sanctions imposed when (1) the appeal was prosecuted for an improper motive -- to harass the respondent or delay the effect of an adverse judgment; or (2) the appeal indisputably has no merit, i.e., when any reasonable attorney would agree that the appeal is totally and completely without merit.' [Citation.] 'In determining whether an appeal indisputably has no merit, California cases have applied both subjective and objective standards. The subjective standard looks to the motives of the appealing party and his or her attorney, while the objective standard looks at the merits of the appeal from a reasonable person's perspective. [Citation.] Whether the party or attorney acted in an honest belief there were grounds for appeal makes no difference if any reasonable person would agree the grounds for appeal were

12

totally and completely devoid of merit.  [Citation.]'  [Citation.]"  (*Singh v. Lipworth, supra*, 227 Cal.App.4th at p. 826, citing inter alia, *In re Marriage of Flaherty* (1982) 31 Cal.3d 637, 650.)

" 'The objective and subjective standards "are often used together, with one providing evidence of the other.  Thus, the total lack of merit of an appeal is viewed as evidence that appellant must have intended it only for delay."  [Citation.]  An unsuccessful appeal, however, " 'should not be penalized as frivolous if it presents a unique issue which is not indisputably without merit, or involves facts which are not amendable to easy analysis in terms of existing law, or makes a reasoned argument for the extension, modification, or reversal of existing law.' "  [Citation.]'  [Citation.]" (*Singh v. Lipworth, supra*, 227 Cal.App.4th at p. 826.)

Here, as is apparent from our discussion of Singh's forfeiture of all his contentions, the only rational conclusion is that Singh knew he had no basis for appeal but filed it anyway in order to delay having to pay the attorney fee award.  This conclusion is reinforced by Singh's requesting extensions of time to file a reply brief that he never filed.

As another example of the paucity of Singh's appellate showing, he quotes a dissenting opinion from *Ralphs Grocery Co. v. United Food & Commercial Workers Union Local 8* (2012) 55 Cal.4th 1083, that "Only on a concrete record following a trial court decision free of legal error should we attempt to decide the remaining questions." (*Id.* at p. 1122, conc. & dis. opn. of Chin, J.)  He argues it applies here because "Where there is no record free of legal error upon which a motion for attorney fees could be granted, those orders must be vacated.  Then there will be clear, concrete record is made [*sic*].  This appellate court should remand to the trial court, with directions to allow [Singh] to drop the matter since [Myers] is no longer harassing [him].  It will be 2 years since the incidents of September 2011 with no further harassment.  [Singh] has no ground to litigate the case in trial court again."

This is a frivolous argument, because a dissenting opinion has no precedential value (*Fischer v. Time Warner Cable Inc*. (2015) 234 Cal.App.4th 784, 797), and the cited dissent is not even on point. Justice Chin was disagreeing with the majority's deciding difficult statutory and constitutional questions "in a vacuum" instead of letting them be developed in the trial court on remand after reversing for trial court error in believing the entrance to a store was a public forum.

While this appeal was pending, the California State Bar suspended Singh from practice from December 17, 2012, to January 16, 2013, for an unrelated matter (<http://members.calbar.ca.gov/fal/Member/Detail/182109>, as of May 10, 2016), during which time he filed two motions in this court for this appeal, referring to himself as "Esq." and "Attorney."

We conclude this is a frivolous appeal filed solely for purposes of delay, warranting imposition of sanctions against Singh.

"Factors relevant to determining the amount of sanctions to be awarded a party responding to a frivolous appeal include 'the amount of respondent's attorney fees on appeal; the amount of the judgment against appellant; the degree of objective frivolousness and delay; and the need for discouragement of like conduct in the future. [Citation.]' (*Pierotti v. Torian* (2000) 81 Cal.App.4th 17, 33-34.)" (*In re Marriage of Gong & Kwong*, *supra*, 163 Cal.App.4th at p. 519.)

"Courts, with increasing frequency, have imposed additional sanctions, payable to the clerk of the court, to compensate the state for the cost to the taxpayers of processing a frivolous appeal. [Citation.] The cost of processing an appeal that results in an opinion has been estimated to be approximately $8,500. [Citation.] However, where the legal issues involved in the appeal 'are not at all complex,' courts have found $6,000 to be an appropriate sanction. [Citations.]" (*Singh v. Lipworth, supra*, 227 Cal.App.4th at p. 830 [ordering $7,500 payable to appellate court clerk as sanctions for frivolous appeal].)

14

"Such an abuse of the legal system for no other purpose than to avoid paying a legitimate claim simply can no longer be tolerated. It is not fair to the opposing litigant who is victimized by such tactics and it is not fair to the greatly overworked judicial system itself and those citizens with legitimate disputes waiting patiently to use it. In those cases where such abuse is present, an award of substantial sanctions is proper." (*Nat'l Secretarial Ser. v. Froehlich* (1989) 210 Cal.App.3d 510, 526.)

"A number of Court of Appeal decisions have adopted figures of $5,900 to $6,000 as a conservative estimate of the costs of processing an average appeal, basing those figures on a calculation made in 1992. [Citations.]" (*In re Marriage of Gong & Kwong, supra*, 163 Cal.App.4th at p. 520.) Although we are dismissing this appeal, the nature of the case and of Singh's arguments have caused us to effectively issue an opinion. However, the legal issues are not complex.

Myers asks that we "sanction Mr. Singh in the total sum of additional attorney[] fees she has incurred as a result of addressing his appeal (or, in the alternative, to remand to the trial court to consider an additional award of attorney[] fees[)] . . . ." Myers has not given us an amount, and so we remand for the trial court to determine the amount.

We also order Singh to pay sanctions in the amount of $7,500 to the clerk of this court to defray the costs of processing this appeal.

### DISPOSITION

The appeal is dismissed. The matter is remanded to the trial court to calculate and award to Myers reasonable attorney fees incurred in responding to the appeal and in seeking sanctions.

As sanctions for bringing this frivolous appeal, Singh shall pay $7,500 to the clerk of this court. The clerk of the court is directed to deposit the sums paid to her into the general fund. All sanctions shall be paid no later than 15 days after the remittitur is filed.

Singh and the clerk of this court are each ordered to forward a copy of this opinion to the State Bar upon return of the remittitur. (Bus. & Prof. Code, §§ 6086.7, subd. (a), 6068, subd. (o)(3); *Pierotti v. Torian, supra*, 81 Cal.App.4th at pp. 33-34.)

Myers is awarded her costs on appeal. (Rule 8.278.)


      HULL      , Acting P. J.


We concur:


     MURRAY    , J.


     HOCH    , J.