Filed 9/13/21  Rowan v. Kirkpatrick CA1/3

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| REBECCA MARISE ROWAN,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>KYLIE JEAN KIRKPATRICK,<br><br>        Defendant and Appellant. | A161436<br><br>(Napa County<br> Super Ct. No. 20CV000084) |

The trial court awarded plaintiff Rebecca Marise Rowan $23,162.50 in attorney fees as the prevailing party in a civil harassment action (Code Civ. Proc., § 527.6, subd. (s)).[1]  Kylie Jean Kirkpatrick appeals in propria persona. She contends the court abused its discretion by awarding "excessive" attorney fees.

We disagree and affirm.

### BACKGROUND

In early 2020, Rowan filed a request for civil harassment restraining order against Kirkpatrick.  Rowan alleged Kirkpatrick posted threatening and defamatory comments about her on social media and engaged in other

_____

[1] Undesignated statutory references are to the Code of Civil Procedure.

1

threatening behavior. Kirkpatrick, acting in propria persona, filed a request for a restraining order against Rowan. Rowan filed a response. The court consolidated the restraining order requests. Kirkpatrick refused to stipulate to a commissioner hearing the matters and the parties agreed to continue the hearing to February 24, 2020.

Kirkpatrick, however, failed to appear on that date. The trial court held an evidentiary hearing in her absence and granted Rowan's request for a restraining order (§ 527.6). It dismissed Kirkpatrick's restraining order request without prejudice due to her failure to appear. Two days after the hearing, Kirkpatrick filed a "Supplemental Evidentiary Submission" supporting her restraining order request. Rowan moved to strike the submission. Later, at Rowan's request, the court declared Kirkpatrick a vexatious litigant (§ 391).[2] Two months later, Kirkpatrick filed ex parte applications seeking reconsideration of the restraining order and the vexatious litigant finding. The court denied the applications.

In June 2020, Rowan moved for approximately $70,000 in statutory attorney fees. As relevant here, Rowan argued her attorneys spent more than 100 hours "successfully defending [Rowan] against Kirkpatrick's retaliatory request for a restraining order" and successfully seeking a restraining order and vexatious litigant finding against Kirkpatrick. Rowan claimed "Kirkpatrick's frivolous submissions and delay tactics" increased her attorney fees. Kirkpatrick did not oppose the motion. At an unreported hearing, the court ordered Rowan to provide a detailed breakdown of the fees incurred and permitted Kirkpatrick to file a response.

---

[2] Kirkpatrick appealed from the orders on the parties' restraining order requests and from the order declaring her a vexatious litigant. This court dismissed the appeal as untimely. (*Rowan v. Kirkpatrick* (2020) 54 Cal.App.5th 289, 291.)

Rowan's attorneys offered supplemental declarations averring Rowan incurred attorney fees for prosecuting and defending the restraining order requests, prosecuting the vexatious litigant motion, and filing the attorney fee motion. The declarations attached charts detailing the attorneys' hourly rates and the number of hours expended on these tasks. Kirkpatrick filed an opposition. She argued Rowan sought the restraining order in bad faith.

In October 2020, the court issued a written order partially granting the motion. As relevant here, the court determined Rowan, as the prevailing party, was "entitled to be compensated" for reasonable attorney fees under section 527.6, subdivision (s). The court observed that Kirkpatrick's conduct—her continuance requests, ex parte applications, and late filed documents—increased the cost of the litigation; the court also noted the "facts underlying the restraining orders required more inquiry than the 'typical' civil restraining orders." But it characterized Rowan's request for approximately $70,000 in attorney fees as "excessive." After carefully examining the parties' pleadings and relying on its experience evaluating attorney fee requests, the court awarded Rowan $23,162.50 in attorney fees. The court provided a detailed explanation of the fees awarded.

Kirkpatrick moved for reconsideration. She urged the court to "review [her] finances in order to make a realistic and reasonable award" but provided no evidence of her financial circumstances. The court denied the motion. Kirkpatrick timely appealed from the attorney fee order.

## DISCUSSION

Section 527.6, subdivision (s) authorizes a trial court to award attorney fees to the prevailing party in a civil harassment action. (See *Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802.) The court's prevailing party determination, and its decision to award attorney fees to that party, are

3

"matter[s] committed to the discretion of the trial court." (*Ibid.*; *Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443.) The "court's exercise of discretion will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice. [Citations.] ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.)

Kirkpatrick has the burden to demonstrate the trial court abused its discretion in awarding attorney fees to Rowan. (*Taylor v. County of Los Angeles* (2020) 50 Cal.App.5th 205, 209.) She has not met that burden. Rowan is undoubtedly the prevailing party because she sought and obtained a restraining order against Kirkpatrick. (*Elster v. Friedman*, *supra*, 211 Cal.App.3d at p. 1443.) By contrast, Kirkpatrick did not obtain the relief she sought against Rowan. (*Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, 1777.) Nor has Kirkpatrick demonstrated an abuse of discretion in the amount of the award. The attorney fee award is not—as Kirkpatrick contends—"excessive." The court characterized Rowan's *request* for approximately $70,000 in attorney fees as "excessive" and declined to award that amount. Instead, the court, after considering the complexity of the matter and the ways in which Kirkpatrick's conduct increased Rowan's attorney fees, and by relying on its experience evaluating such fee requests, awarded significantly less. Under the circumstances, the court acted well within its discretion by awarding Rowan attorney fees of $23,162.50 pursuant to section 527.6, subdivision (s). (See *PLCM Group, Inc. v. Drexler* (2000)

4

22 Cal.4th 1084, 1095; *Meridian Financial Services, Inc. v. Phan* (2021) 67 Cal.App.5th 657, 709.)

The cases and federal statutes upon which Kirkpatrick relies do not compel a different result. And Kirkpatrick's other arguments are not persuasive. In this appeal from the attorney fee order, we cannot revisit the merits of the court's earlier order issuing a restraining order against Kirkpatrick. Nor will we reverse the attorney fee order because the court "did not hold a financial review" before fixing the amount of fees. Kirkpatrick did not request such a review until *after* the court issued the attorney fee order, and she has cited no authority requiring a trial court to make a sua sponte ability-to-pay determination where a party has offered no evidence of her financial circumstances. (*Upshaw v. Superior Court* (2018) 22 Cal.App.5th 489, 504, fn. 7 [issues not raised or supported by substantive argument or citation to authority are waived].)

## DISPOSITION

The October 2020 order is affirmed. Rowan is entitled to costs on appeal. (Cal. Rules of Court, rule 8.278(a)(2).)

_____

Chou, J.*

WE CONCUR:


_____

Fujisaki, Acting P. J.


_____

Petrou, J.


A161436


_____

*  Judge of the Superior Court of San Mateo County, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

6