Filed 10/18/21  Myers v. Dorsaneo CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| CAROL MYERS,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>ALEXANDRIA DORSANEO,<br><br>    Defendant and Appellant. | A161586<br><br>(Marin County<br>Super. Ct. No.<br>CIV2001048) |

Appellant Alexandria Dorsaneo appeals from an order denying statutory attorney fees under Code of Civil Procedure section 527.6. Dorsaneo claims she is entitled to fees because Myers, who obtained a temporary civil restraining order against her, voluntarily dismissed the case at the outset of the hearing on a full restraining order.  We conclude the trial court did not abuse its discretion in denying fees and affirm.

### BACKGROUND[1]

In her civil harassment petition and papers in opposition to Dorsaneo's fee motion, Myers recounted the following scenario:

Dorsaneo rented a room in her home in mid-February 2020, as the Covid-19 pandemic was accelerating.  In mid-April, Dorsaneo told Myers she

---

[1] We derive the background largely from the papers Myers submitted in opposition to Dorsaneo's fee motion.  We realize none of Myers's proffered

1

did not feel well, and Myers, who was then 65 years old, asked Dorsaneo to quarantine in her room, take her temperature, and check with her doctor about whether she should be tested for Covid. Dorsaneo "angrily refused." Myers then called her own doctor, who told her Dorsaneo " 'absolutely needs to stay in her room and quarantine until she could be Covid tested.' "

Myers and Dorsaneo communicated by text and phone. Dorsaneo soon reported she felt much better and believed she had eaten something that disagreed with her. Myers nevertheless continued to ask Dorsaneo to remain quarantined in her room until she spoke with her own doctor. Dorsaneo refused and hung up.

Later that day, Dorsaneo came out of her room and the two began arguing, Dorsaneo repeatedly stating she felt fine and was not going to be tested. Myers felt threatened and started recording Dorsaneo on her cell phone. The verbal exchange escalated, and Dorsaneo chased Myers into the garage, tried to grab the phone, and, in the course of doing so, "twisted two of [Myers's] fingers, severely bruising and fracturing" one of them. Myers sought and received medical treatment.

Myers then left her house for eight days, returning for only brief periods of time. She also retained an attorney to start eviction proceedings and to seek a temporary restraining order. Dorsaneo then wrote a letter to Myers stating she had not intended to injure her but was trying to stop the video recording so the two could discuss the situation. Thereafter, Dorsaneo

---

evidence was ever tested through cross-examination and countering evidence, none of the asserted facts were ever found by the trial court to be true, and the trial court expressly stated in denying fees that it had made no determination as to the merit of Myers's civil harassment claim. Nor are we, in reciting the background, suggesting Myers' factual assertions are true or making any pronouncement as to the merit of her claim.

turned off the house security system, and Myers sought the assistance of the Sheriff's Department to turn it on again. Dorsaneo disconnected the system again. Myers felt she was "once again being threatened."

Myers obtained a temporary restraining order and also offered to refund Dorsaneo her April rent if she would move out. When Myers went to her house with a friend to serve the restraining order, Dorsaneo appeared to be very angry. Myers feared she "was about to strike me."

Myers retained new counsel and over the following weeks, the hearing on a full restraining order was continued several times. Dorsaneo also retained counsel, and the two attorneys, who knew one another professionally, spoke a number of times about the case. Dorsaneo's attorney eventually pointed out Dorsaneo had long since vacated the house, three months had passed since the incident, and Dorsaneo had no intent to contact Myers. Because the "threats and harassment from Ms. Dorsaneo had passed," Myers authorized her attorney to dismiss the case.

Accordingly, when the matter was called for hearing, Myers's attorney asked the court to dismiss the matter, and the court "thanked [the parties] for working together and resolving the case without the need to take up valuable judicial resources."

Dorsaneo then filed a motion for statutory attorney fees, claiming she had achieved her litigation objectives and, because the case had been dismissed, she was the prevailing party and entitled to costs and statutory fees.

The trial court issued a tentative ruling denying Dorsaneo's fee motion. Pointing out that a fee award is discretionary under Code of Civil Procedure section 527, subdivision (s), the court found that "an award of fees in this case would have a chilling effect on plaintiffs who file legitimate civil harassment

3

restraining order cases and then proceeded to dismiss the case when they no longer felt such an order was needed." "Due to the situational nature of the conflict," the court did not "believe such an award would be in the interests of justice, nor would it operate to favor judicial economy, but would rather prioritize the maintenance of unnecessary cases in an effort to avoid attorney's fees."

At the hearing on the motion, counsel for Dorsaneo stated he "under[stood] the Court's logic" that plaintiffs should not be incentivized to continue restraining order litigation that has become unnecessary in order to avoid liability for fees. He argued there was a counter-vailing concern, however—that a plaintiff who obtained an ex parte temporary restraining order on the basis of untested evidence, could, at the last minute, dismiss the action, thereby avoiding both proving up the merits and liability for fees, and dragging a blameless defendant into court without consequences for doing so. Counsel also renewed his objection to Myers's opposing evidence that pertained to the merits of her case.

Myers's attorney "agree[d] wholeheartedly" with the points made by Dorsaneo's counsel, acknowledging there "can be a situation where people abuse the process" and if the court "had reviewed the papers and felt that that was the situation, we would be looking at the opposite result." But, asserted counsel, that was not what the record showed in the case at hand. Myers had legitimately sought a temporary restraining order, the two lawyers had a number of discussions about the case, and after a considerable passage of time, they "were convinced that this threat had passed." "Myers did what any reasonable person would do, is don't take up the Court's time, don't make this go to trial."

4

The court thanked both counsel, adopted its tentative, and then added "[j]ust a little color commentary." It first observed, "it sound[ed] like" the court and both parties "we[re] all actually on the same page." The court did not "disagree with anything either [counsel had] said." The court "has the discretion, and [it had] looked at the case." It had not "evaluated the merits" and "agree[d] it could go either way." "It just depends on the circumstances of the individual case. And, in this one, [counsel], I don't find it would be appropriate to grant the fees." The court concluded by reaffirming the adoption of its tentative ruling.

## DISCUSSION

Code of Civil Procedure section 527.6, subdivision (s) provides: "The prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any."

The established case law makes clear that an award of fees under this provision lies within the sound discretion of the trial court. (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802 ["the decision whether to award attorney fees to a prevailing party—plaintiff or defendant—under [Code of Civil Procedure] section 527.6 . . . is a matter committed to the discretion of the trial court"].) As *Krug* observed, "[t]he normal rule of statutory construction is that when the Legislature provides that a court . . . 'may' do an act, the statute is permissive, and grants discretion to the decision maker." (*Ibid.*)

Code of Civil Procedure section 527.6, subdivision (s) does not, as Dorsaneo points out, define "prevailing party." She therefore asserts the general cost statute, Code of Civil Procedure section 1032, subdivision (a)(4) supplies the definition. That provision states in pertinent part: " 'Prevailing party' includes the party with a net monetary recovery, a defendant in whose

5

favor a dismissal is entered, a defendant where neither plaintiff nor defendant obtains any relief, and a defendant as against those plaintiffs who do recover any relief against that defendant." (*Id.*, §1032, subd. (a)(4).) Under this definition, Dorsaneo does, indeed, qualify as the prevailing party. She therefore variously argues the trial court erred as a matter of law in denying her fees and/or abused its discretion in doing so since failure to follow the controlling law constitutes an abuse of discretion.

Myers contends a trial court is not *required* to use Code of Civil Procedure section 1032, subdivision (a)(4)'s definition of prevailing party, but rather, has the discretion to determine prevailing party status based on a pragmatic approach, i.e., did the plaintiff obtain her litigation objective? Myers claims she fully achieved her litigation objective—to oust Dorsaneo from her home and prevent further contact.

No case has held that a trial court *must* use the definitional provisions of Code of Civil Procedure section 1032, subdivision (a)(4), to determine prevailing party status in a civil harassment action. In *Adler v. Vaicius* (1993) 21 Cal.App.4th 1770, which Dorsaneo cites, the Court of Appeal concluded that "[s]ince [Code of Civil Procedure] section 527.6 does not define 'prevailing party,' the general definition of 'prevailing party' in section 1032 *may* be used." (*Id.* at p. 1777, italics added.) Accordingly, the trial court in *Adler* did not abuse its discretion in looking to that section and awarding fees to the defendant after the plaintiff dismissed her petition to avoid responding to discovery requests. (*Id.* at pp. 1773-1774, 1777.) However, in *Elster v. Friedman* (1989) 211 Cal.App.3d 1439 (*Elster*), the appellate court took a slightly different approach where the parties resolved the case by entering into a mutual restraining order. The Court of Appeal concluded that the definitional language of Code of Civil Procedure section 1032(a)(4) "*may* be

6

used to illuminate section 527.6, subdivision (h) [now subdivision (s)]," but also observed that "[a] plaintiff prevails, in essence, when he gets most or all of what he wanted by filing the action." (*Elster,* at p. 1443, italics added.) Thus, the trial court in *Elster* did not abuse its discretion in awarding fees to the plaintiffs. They achieved all of their specific litigation objectives and had merely generically agreed not to engage in any harassing conduct themselves, which "they apparently had never done and had no apparent desire to do." (*Id.* at p. 1444.)

We need not decide whether the definitional provisions of Code of Civil Procedure section 1032, subdivision (a)(4) do more than provide guidance and are controlling.

To begin with, it is not at all clear that the trial court disregarded Code of Civil Procedure section 1032, subdivision (a)(4), as Dorsaneo suggests. She argued in her moving papers that she was the prevailing party under this statutory provision, and the trial court did not reject this proposition in either its tentative ruling or at the hearing on her motion. On the contrary, the tentative ruling expressly acknowledged this definitional provision.

In any case, what the trial court emphasized both in its tentative ruling and at the hearing is that, regardless of prevailing party status, an award fees under Code of Civil Procedure section 527.6, subdivision (s) is committed to the discretion of the court. The trial court was entirely correct on that point.

Dorsaneo asserts the trial court nevertheless abused its discretion because it purportedly adopted a pragmatic rule that wholly undercuts the supposed right of dismissed defendants to costs and fees under Code of Civil Procedure section 1032. However, that is not what the trial court did, as the hearing transcript shows. Rather, both the parties and the court appeared to

7

be in agreement that there are civil harassment cases in which a dismissed defendant should recover statutory fees (such as *Adler*). As the trial court observed, "It just depends on the circumstance of the individual case." In this particular case, the court determined it did not find it to "be appropriate to grant the fees," and that was a call committed to the sound discretion of the court.

A court's discretion "will not be disturbed on appeal in the absence of a clear showing of abuse, resulting in injury sufficiently grave as to amount to a manifest miscarriage of justice. [Citations.] ' "The appropriate test for abuse of discretion is whether the trial court exceeded the bounds of reason. When two or more inferences can reasonably be deduced from the facts, the reviewing court has no authority to substitute its decision for that of the trial court." ' " (*In re Marriage of Rosevear* (1998) 65 Cal.App.4th 673, 682.)

We see no basis in this record to conclude the trial court "manifest[ly] abuse[d its] discretion" in denying Dorsaneo fees. (*Elster, supra,* 211 Cal.App.3d at p. 1443.)

## DISPOSITION

The order denying statutory attorney fees is AFFIRMED. Each party to bear its own costs on appeal.

_____
Banke, J.

We concur:


_____
Humes, P.J.


_____
Margulies, J.

A161586, Myers v. Dorsaneo

9