Filed 12/18/23  Fok v. Binkoff CA1/5

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| CORINNE FOK,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RICHARD BINKOFF,<br><br>    Defendant and Appellant. | A167143<br><br>(City & County of San Francisco<br>Super. Ct. No. CCH22584886) |

Defendant Richard Binkoff appeals from the denial of his motion for attorney fees and costs under Code of Civil Procedure section 527.6, subdivision (s) (fee motion).[1]  According to Binkoff, the trial court abused its discretion by declining to find him the prevailing party and refusing to award him any fees or costs.  We disagree and affirm.

## BACKGROUND

On August 4, 2022, pro per plaintiff and respondent Corinne Fok filed a Request for Civil Harassment Restraining Orders (Request), seeking a restraining order against Binkoff.  As the main ground for the Request, Fok

---

[1] All further statutory references are to the Code of Civil Procedure.

1

described an incident on July 28, 2022 in which Binkoff approached her car as she and her 16-year old son pulled into their driveway. According to the Request, Binkoff "put[] his face at the passenger window where [Fok] was sitting" and gave her "an evil stare." Fok and her son immediately drove away and snuck home 10 minutes later after Binkoff was gone. Fok further declared under penalty of perjury that Binkoff sent her "threatening texts in" February 2021 and had, in the past, shouted profanities at her and wished her dead from cancer.

The trial court issued a temporary restraining order (TRO) against Binkoff and scheduled the hearing on Fok's Request for October 12, 2022.[2] At 11:28 a.m. on the day before that hearing, Fok personally sent Binkoff's counsel an email, informing her that Fok would appear at the hearing and seek a permanent restraining order. Binkoff's counsel, who had not yet filed a response to the Request, responded by email that Binkoff would be seeking a continuance.

Around 3:30 p.m. that same day, an attorney called Binkoff's counsel on Fok's behalf and told Binkoff's counsel that Fok would withdraw her Request if Binkoff "promised to leave [her] alone." Binkoff's counsel agreed, and Fok's attorney informed the trial court that the parties had "agreed that there is a

---

[2] Although the TRO is not in the clerk's transcript, both parties agree that Fok successfully obtained one.

mutual interest to withdraw[]" the Request.  The court told Fok's attorney to "file a request for dismissal ASAP", and Fok personally filed a request for dismissal without prejudice on October 12.  The court granted the request and dismissed the matter.

Binkoff then filed the fee motion.  Fok, in pro per, filed an opposition.  Her opposition included a declaration from her son, describing the July 28 incident, and a declaration from the attorney who negotiated the dismissal of her Request with Binkoff's counsel.

At the hearing on the fee motion, the trial court denied it.  In support, the court noted that:  (1) Binkoff never filed a response or informed Fok that he would be seeking attorney fees and costs before she dismissed her Request; (2) Fok "chose" to withdraw her Request and may have done so for "a whole host of reasons"; and (3) the Request was neither frivolous nor filed in bad faith.

In its written order, the trial court found that Binkoff was not the prevailing party "based on the actions of [Fok] withdrawing her petition."  The order explained that emails between Fok's and Binkoff's attorneys "reflected a mutual interest to withdraw the petition" and that the Request was not "frivolous or in bad faith."  The court therefore exercised its discretion to deny the motion.

Binkoff timely appealed.

3

## DISCUSSION

Binkoff contends "the trial court erred by finding [he] was not the prevailing party and abused its discretion by failing to award . . . attorney[] fees and costs as such." This contention lacks merit.

Under section 527.6, subdivision (s), "[t]he prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any." By its terms, the subdivision gives trial courts discretion "to award attorney fees to a prevailing party—plaintiff or defendant" (*Krug v. Maschmeier* (2009) 172 Cal.App.4th 796, 802)—regardless of whether "a party's conduct was frivolous or in bad faith" (*id.* at p. 803). The "determination of the prevailing party lies in the [] court's sound discretion" and that "determination must be upheld unless there is a manifest abuse of discretion." (*Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443 (*Elster*).)

Here, the trial court's determination that Binkoff was not the prevailing party was not an abuse of discretion. Fok dismissed her Request without prejudice just over two months after she filed it. At that time, Binkoff had not filed a response, and there had been no hearing. Given the stage of the proceedings at the time of the dismissal, the court reasonably concluded that it was "premature" and "not even possible to determine . . . whether [Binkoff] had prevailed on a practical level." (*Gilbert v. National Enquirer, Inc.* (1997) 55 Cal.App.4th 1273, 1277–1278 (*Gilbert*) [affirming

4

finding of no prevailing party because the plaintiff dismissed her claims without prejudice "only a few months beyond the demurrer stage"].)  Thus, the denial of the fee motion was "a valid exercise of discretion."  (*Ibid.*; see *ComputerXpress, Inc. v. Jackson* (2001) 93 Cal.App.4th 993, 1017 ["Absent a determination of the merits, it may be difficult or impossible to decide which party has prevailed as a practical matter, and the court may appropriately find there is no prevailing party"].)

The trial court also reasonably determined that Binkoff was not the prevailing party "on a practical level" (*Gilbert*, *supra*, 55 Cal.App.4th at p. 1278), because he agreed to "leave [Fok] alone" in exchange for the dismissal. Although that agreement was not an enforceable court order, it did make it easier for Fok to obtain injunctive relief against Binkoff in the future.  And because Binkoff agreed to a dismissal without prejudice, Fok may still rely on the incidents alleged in her Request in any future court action against Binkoff.  For these additional reasons, we cannot conclude that the court abused its discretion in denying Binkoff's fee motion.

Section 1032, subdivision (a)(4)—which defines "[p]revailing party" for purposes of recovering costs to include "a defendant in whose favor a dismissal is entered"—does not compel a contrary conclusion.  As our high court has explained, that definition "is particular to [section 1032] and does not necessarily apply to attorney fee statutes or other statutes that use the

5

prevailing party concept." (*DeSaulles v. Community Hospital of Monterey Peninsula* (2016) 62 Cal.4th 1140, 1147.) Where, as here, the fee statute does not define the term prevailing party, courts should not automatically apply section 1032, subdivision (a)(4) and should, instead, "analyze[] which party ha[s] prevailed on a practical level." (*Heather Farms Homeowners Assn. v. Robinson* (1994) 21 Cal.App.4th 1568, 1574, citing *Elster, supra*, 211 Cal.App.3d 1439; see *Sharif v. Mehusa, Inc.* (2015) 241 Cal.App.4th 185, 192 ["The courts have repeatedly rejected the contention that the prevailing party definitions in . . . section 1032, subdivision (a)(4) 'should be automatically applied in cases where the authorizing attorney fees statute does not define prevailing party' "].) Under this standard, the trial court did not abuse its discretion. (See, *supra*, at pp. 4–5.)

*Adler v. Vaicius* (1993) 21 Cal.App.4th 1770 (*Adler*) is also inapposite. In *Adler*, the trial court awarded attorney fees and costs to the defendant under section 527.6 after the defendant had filed a response and after the plaintiff had dismissed her request for a restraining order with prejudice. (*Id.* at p. 1776.) Finding that the trial court did not abuse its discretion, the court of appeal concluded that "the general definition of 'prevailing party' in section 1032 *may* be used." (*Id.* at p. 1777, italics added.) It did not, however, *require* the use of that definition when determining the prevailing party under section 527.6. Moreover, *Adler* is distinguishable. This appeal

6

involves a challenge to the denial of fees and costs. And unlike the defendant in *Adler* who filed a response (*id.* at p. 1773) and did not agree to the plaintiff's dismissal with prejudice (see *id.* at p. 1774), Binkoff did not file a response and agreed to leave Fok alone in exchange for Fok's dismissal without prejudice.

Similarly, *Elster*—which also involved a challenge to an award of attorney fees and costs—is distinguishable. In *Elster*, the trial court found that the plaintiffs prevailed on a practical level (*Elster, supra,* 211 Cal.App.3d at p. 1444), after the defendants had served an offer to compromise and filed a response, after a hearing had been held, and after the parties had agreed to a mutual injunction "similar to the temporary restraining order" that the plaintiffs had previously obtained (*id.* at p. 1442). Nothing in *Elster* suggests that the trial court abused its discretion in denying Binkoff's fee motion.

Finally, we reject Binkoff's argument that attorney "[f]ees are warranted to deter gamesmanship and abuse of the civil harassment law." Contrary to Binkoff's assertion, there is ample evidence that Fok's Request was not frivolous or filed in bad faith.

For example, the issuance of the TRO, by itself, suggests that Fok's Request was not frivolous (see § 527.6, subd. (d) ["A temporary restraining order may be issued . . ., based on a declaration that, to the satisfaction of the court, shows *reasonable proof of harassment* of the petitioner by the

7

respondent, and that great or irreparable harm would result to the petitioner," italics added]), even if it did not preclude a fee award against Fok (see *Adler, supra*, 21 Cal.App.4th at p. 1776). More notably, the Request—which declared under penalty of perjury that Binkoff approached Fok's car in a menacing manner after threatening her, yelling profanities at her, and wishing her dead over the past seven months—arguably supported a restraining order based on "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." (§ 527.6, subd. (b)(3).) Thus, we cannot conclude, in the absence of a response or any evidence from Binkoff, that the Request was frivolous or that Fok acted in bad faith. Finally, Fok's decision to dismiss after consulting an attorney does not establish that she believed her Request was frivolous or she would lose. To the contrary, Fok could have concluded that obtaining Binkoff's agreement to leave her alone made more sense than pursuing a restraining order due to the delay from a likely continuance and the cost of hiring an attorney.

## DISPOSITION

The trial court's order denying Binkoff's motion for attorney fees and costs is affirmed. Fok is entitled to recover her costs on appeal.

CHOU, J.

WE CONCUR:

SIMONS, Acting P.J.
BURNS, J.

*Fok v. Binkoff* / A167143