Filed 10/5/21  Morehead v. Granados CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| LISA RENEE MOREHEAD,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>BERNADETTE GRANADOS,<br><br>    Defendant and Appellant. | G058967<br><br>(Super. Ct. No. 30-2019-01069449)<br><br>O P I N I O N |

Appeal from an order of the Superior Court of Orange County, Michael McCartin, Judge.  Affirmed.  Respondent's motion to dismiss.  Denied.  Respondent's request for judicial notice.  Denied.

Bernadette Granados, in pro per, for Defendant and Appellant.

Cozen O'Connor, Erik L. Jackson and Matthew E. Lewitz, for Plaintiff and Respondent.

\*                \*                \*

Bernadette Granados appeals from an order granting respondent Lisa Renee Morehead's request for a permanent injunction and awarding respondent's fees and costs under Code of Civil Procedure section 527.6.[1]  Appellant contends the evidence was insufficient to support the permanent restraining order, and she raises numerous procedural and substantive challenges to the order.  As discussed below, substantial evidence supported the order and respondent failed to demonstrate error.  Accordingly, we affirm.

I

FACTUAL AND PROCEDURAL BACKGROUND

A.  *Prior Civil Harassment Actions and Stipulation*

Respondent filed civil harassment actions against appellant in October 2017 and January 2018.  Appellant filed a civil harassment action against respondent on January 23, 2018.

On March 5, 2019, in response to appellant's action, the parties stipulated they would have "no contact (directly or indirectly) with each other or with significant others," including respondent's husband Douglas Morehead.  They further agreed "[t]here will be no physical contact nor any contact via telephone, email, text or publishing on any social media."[2]

---

[1]  All further statutory references are to the Code of Civil Procedure, unless stated otherwise.

[2] Douglas Morehead died on November 10, 2020, while this appeal was pending. Because the underlying proceedings involved Douglas Morehead, however, we will continue to refer to Douglas Morehead in our opinion.

B.  *May 2019 Civil Harassment Action*

On May 14, 2019, respondent filed a request for a civil harassment restraining order, alleging that despite the March 5, 2019 stipulation, appellant continued to contact respondent and her husband via telephone.  The request also sought attorney's fees.  In a supporting declaration, respondent described several harassment incidents and stated her belief that appellant had hacked or improperly accessed her and her husband's phones, e-mail accounts, credit card accounts and social media accounts.

In response, appellant filed a declaration stating she had not contacted respondent.  She also stated she has a business relationship with Douglas Morehead, who sends her monthly checks.

The trial court partially granted respondent's requested relief, issuing a temporary restraining order (TRO) prohibiting appellant from harassing or contact respondent or her husband, but declining to issue a stay-away order pending a June 4, 2019 hearing on the hacking allegations.  Because appellant could not be served with the TRO, the court continued the hearing several times.

On July 15, 2019, appellant filed an ex parte application to disqualify Steven C. Feldman as counsel of record for respondents.  In the application, appellant alleged that respondent lied about the hacking, and that Feldman filed false pleadings based on the lies.  The application alluded to section 425.16, the anti-SLAPP statute, and respondent's notice stated she was filing a special motion to strike pursuant to the anti-SLAPP statute.[3]

On July 16, 2019, after hearing argument, the trial court denied appellant's application to disqualify Feldman,[4] and found no grounds to grant an anti-SLAPP motion. The court declined to issue a permanent restraining order, finding the evidence

_____

[3] As discussed below, the record contains no special motion to strike.

[4]  Respondent later substituted current appellate counsel for Feldman.

3

insufficient to contradict appellant's testimony she might have accidentally called Douglas Morehead, her former lover, several times. It continued the hearing on the permanent injunction to January 14, 2020.

On December 24, 2019, respondent filed a supplemental brief in support of her request for a permanent restraining order. The supplemental brief alleged that newly-discovered evidence showed appellant had hacked into Douglas Morehead's e-mail and business accounts, misappropriated privileged and confidential documents, and disseminated those documents to opponents in ongoing litigation. Respondent requested attorney's fees and costs.

Appellant opposed the request for a permanent injunction, denying all allegations. She also opposed the request for attorney's fees and costs.

At the January 14, 2020, hearing, respondent's counsel showed appellant several discovery documents relating to John Mitchell, who was suing Douglas Morehead and CORE, one of Douglas's companies. In an interrogatory response, Mitchell stated that appellant had contacted him around mid-August 2017, and told him she had information and documents relating to CORE and Morehead that she believed would be relevant to his litigation. Mitchell produced copies of the documents appellant allegedly gave him; some of the documents were sent via an e-mail account appellant previously used when she was marketing her house. When appellant was asked questions relating to Mitchell, she invoked her right against self-incrimination under the Fifth Amendment of the federal constitution.

Douglas Morehead testified he reviewed the documents appellant allegedly provided to Mitchell, and testified that more than half were privileged and all were extremely confidential. Additionally, neither he nor any CORE employee would have provided or granted access to appellant to any of those documents.

Respondent testified that appellant harassed her by regularly texting her in the early morning hours. Appellant also called Respondent's friends to make derogatory

remarks about her. Respondent further testified her phone and social media accounts were hacked, and explained she believed appellant was involved because no one else had any motive to hack her phone and social media accounts. She further testified the harassment affected her marriage and caused her to lose sleep and live in fear.

On January 23, 2020, the trial court determined appellant was not credible, and had a motive to harass respondent and her husband. It found clear and convincing evidence established she was harassing them. The court stated it should have granted the permanent restraining order earlier "because that was a stretch of credibility" when appellant testified the calls were accidental. It granted respondent's request for a permanent injunction, effective until January 23, 2023, prohibiting appellant from harassing or contacting respondent and Douglas Morehead. The court also ordered appellant to stay 100 yards away from respondent or her husband. After providing respondent with an opportunity to argue about the request for fees and costs, the court awarded respondent's fees and costs.

II

DISCUSSION

Appellant challenges the court's permanent restraining order on numerous grounds, which can generally be grouped into three categories. First, she challenges the sufficiency of the evidence to support the order. Second, she claims procedural and

substantive errors preclude the issuance of the order. Third, she challenges the award of fees and costs.[5]

Appellant raises numerous claims, many of which are factual, asking this court to reverse or modify the multiple rulings she argues were made in error. However, the role of an appellate court is limited. "It has long been the general rule and understanding that 'an appeal reviews the correctness of a judgment as of the time of its rendition, upon a record of matters which were before the trial court for its consideration.' [Citation.] This rule reflects an 'essential distinction between the trial and the appellate court . . . that it is the province of the trial court to decide questions of fact and of the appellate court to decide questions of law.'" (*In re Zeth S.* (2003) 31 Cal.4th 396, 405.) We are required to presume the trial court's order is correct and must draw all inferences in favor of the trial court's decision. (*In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133.)

"'[E]rror must be affirmatively shown. This is not only a general principle of appellate practice but an ingredient of the constitutional doctrine of reversible error.'" (*Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) Further, we will not presume prejudice from an error. It is an appellant's burden to persuade us that the court erred in ways that result in a miscarriage of justice. (Cal. Const., art. VI, § 13; *In re Marriage of*

_____

[5] Respondent moves to dismiss this appeal under the disentitlement doctrine. "The disentitlement doctrine enables an appellate court to stay or to dismiss the appeal of a party who has refused to obey the superior court's legal orders. [Citation.] . . . ""It is an exercise of a state court's inherent power to use its processes to induce compliance'" with a presumptively valid order.' [Citations.] Thus, the disentitlement doctrine prevents a party from seeking assistance from the court while that party is in 'an attitude of contempt to legal orders and processes of the courts of this state.'" (*In re Marriage of Hofer* (2012) 208 Cal.App.4th 454, 459.) Dismissal of an appeal under the disentitlement doctrine is an equitable remedy subject to our discretion. (*Ironridge Global IV, Ltd. v. ScripsAmerica, Inc.* (2015) 238 Cal.App.4th 259, 265.)
We decline to exercise our discretion to dismiss this appeal because respondent has not shown appellant is willfully in contempt of the permanent injunction. We also decline to grant the associated request for judicial notice.

*Dellaria & Blickman-Dellaria* (2009) 172 Cal.App.4th 196, 204-205.) "Mere suggestions of error without supporting argument or authority other than general abstract principles do not properly present grounds for appellate review." (*Department of Alcoholic Beverage Control v. Alcoholic Beverage Control Appeals Bd.* (2002) 100 Cal.App.4th 1066, 1078 (*Department of Alcoholic Beverage Control*).)

Our review is governed by the appellate record; with rare exceptions, this court can neither consider new evidence nor facts or contentions not supported by citations to the record. (See *In re Zeth S.*, *supra*, 31 Cal.4th at p. 405; *In re S.C.* (2006) 138 Cal.App.4th 396, 406-407 [appellate court can deem a contention unsupported by a record citation to be without foundation and thus forfeited]; *Nwosu v. Uba* (2004) 122 Cal.App.4th 1229, 1246-1247; *Oldenkott v. American Electric, Inc.* (1971) 14 Cal.App.3d 198, 207; see also Cal. Rules of Court, rule 8.204(a)(1)(C) ["Each brief must . . . [¶] . . . [¶] . . . [s]upport any reference to a matter in the record by a citation to the volume and page number of the record where the matter appears"].) Along the same lines, we cannot address issues that were not properly raised and preserved in the trial court. (See *City of San Diego v. D.R. Horton San Diego Holding Co., Inc.* (2005) 126 Cal.App.4th 668, 684-685; *Royster v. Montanez* (1982) 134 Cal.App.3d 362, 367.) On appeal, as in the superior court, unsworn statements or argument by counsel or a self-represented litigant are not evidence. (See *In re Zeth S.*, at pp. 413-414, fn. 11.)

Finally, while we acknowledge a self-represented litigant's understanding of the rules on appeal is, as a practical matter, more limited than an experienced appellate attorney's and, whenever possible, will not strictly apply technical rules of procedure in a manner that deprives litigants of a hearing, we are required to apply the foregoing principles and substantive rules of law to a self-represented litigant's claims on appeal, just as we would to those litigants who are represented by trained legal counsel. (*Rappleyea v. Campbell* (1994) 8 Cal.4th 975, 984-985; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830.)

A. *Substantial Evidence Supported the Trial Court's Finding of Harassment*

Section 527.6, subdivision (a)(1), provides that a person who has suffered harassment may seek an order after hearing prohibiting harassment. Section 527.6, subdivision (b)(3), defines "harassment" to include "a knowing and willful course of conduct directed at a specific person that seriously alarms, annoys, or harasses the person, and that serves no legitimate purpose." A "course of conduct" is defined as "a pattern of conduct composed of a series of acts over a period of time, however short, evidencing a continuity of purpose, including following or stalking an individual, making harassing telephone calls to an individual, or sending harassing correspondence to an individual by any means, including, but not limited to, the use of public or private mails, interoffice mail, facsimile, or email. Constitutionally protected activity is not included within the meaning of 'course of conduct.'" (§ 527.6, subd. (b)(1).)

Here, the trial court found by clear and convincing evidence that respondent suffered harassment. The court's finding is supported by respondent's testimony about various harassment incidents, including harassing phone calls in the middle of the night and hacking of personal and business accounts of respondent and her husband, who was listed as an additionally protected party. Additional evidentiary support of appellant's hacking of Douglas Morehead's business accounts is properly inferred from Mitchell's statements that appellant provided him with documents relating to CORE and Douglas's testimony that appellant would not have legitimate access to those privileged and confidential documents. Respondent also testified the harassment caused her to lose sleep and live in fear. Thus, the record, when viewed as a whole, contains substantial evidence from which a reasonable trier of fact could find highly probable that appellant harassed respondent withing the meaning of section 527.6. (*Conservatorship of O.B.* (2020) 9 Cal.5th 989, 1011-1012.)

Appellant's remaining evidentiary claims are waived or forfeited for failure to provide supporting legal authority or record citations. (*Department of Alcoholic*

8

*Beverage Control*, *supra*, 100 Cal.App.4th at p. 1078.) For example, she contends the finding of hacking requires expert evidence, but cites no relevant legal authority for this proposition. *Daubert v. Merrell Dow Pharmaceuticals* (9th Cir. 1995) 43 F.3d 1311, the only case cited by appellant, does not involve civil harassment actions, and addresses the admissibility of expert testimony under the federal rules of evidence.

B. *Appellant has Forfeited Her Procedural and Substantive Challenges to the Order*

Appellant raises a plethora of procedural and substantive challenges to the issuance of the permanent restraining order, but she forfeited them because she failed to object below or to provide supporting citations to the record or legal authority. Moreover, she failed to show any error was prejudicial.

For example, appellant contends the trial court improperly continued the hearing on respondent's request for a permanent hearing, but provides no record citation showing she objected below. (See, e.g., *K.C. Multimedia, Inc. v. Bank of America Technology & Operations, Inc.* (2009) 171 Cal.App.4th 939, 948 ["appellant forfeited its challenge to the propriety of the pretrial procedure by failing to object below"]; *In re Wilford J.* (2005) 131 Cal.App.4th 742, 754 ["An appellate court ordinarily will not consider challenges based on procedural defects or erroneous rulings where an objection could have been but was not made in the trial court."].) In addition, appellant has not shown how the continuance prejudiced her.

Appellant further contends the order violates her free speech rights, but does not present any reasoned argument why harassing texts and phone calls and hacking of personal and business e-mail and social media accounts of nonpublic individuals are protected speech. (See, e.g., *Brekke v. Wills* (2005) 125 Cal.App.4th 1400, 1409 [rejecting claim that injunction prohibiting defendant contacting his former girlfriend violated free speech rights because "defendant's speech was between purely private parties, about purely private parties, on matters of purely private interest"].)

9

In a related contention, she argues the action is subject to a special motion to strike under the anti-SLAPP statute, but the record does not contain a properly noticed special motion to strike. While appellant alluded to a special motion to strike in her ex parte application to disqualify Feldman as respondent's attorney, there is no such noticed motion in the record on appeal.

Appellant claims the order interferes with her right to receive income from Optima, one of Douglas Morehead's companies, because it precludes her from contacting the company in the event of an erroneous distribution. The order does not preclude any such contact.

Appellant further argues respondent engaged in "an abuse of discovery" by subpoenaing "Google, Apple, Cox, and Verizon to obtain confidential records for no legitimate purposes," but does not contend she raised the discovery abuse claim below.

She also claims the trial court erred in allowing respondent to search her phone, but the record shows she voluntarily agreed to allow respondent to search her phone, before objecting to a further search of her phone the following day. Once she objected, there was no further search.

Appellant contends the instant civil harassment action was barred under res judicata principles because respondent was denied an injunction in her prior civil harassment actions. Even if denying a motion for a restraining order against civil harassment would bar a later motion asserting new grounds, a position for which appellant cites no authority, res judicata is an affirmative defense that is waived unless timely asserted. (*JSJ Limited Partnership v. Mehrban* (2012) 205 Cal.App.4th 1512, 1526; *Quantification Settlement Agreement Cases* (2011) 201 Cal.App.4th 758, 813 [affirmative defenses waived if not pleaded].) Appellant does not argue she asserted res judicata below, and thus has waived any arguments based on res judicata.

Finally, appellant argues the trial court's denial of accommodation violated the Americans with Disabilities Act of 1990, but does not explain why the court's denial,

10

which was based in part on lack of documentation, was erroneous or how it prejudiced her case. In sum, despite the numerous claims she raises on appeal, appellant has not affirmatively shown the trial court erred in issuing the permanent restraining order.

C. *The Award of Respondent's Fees and Costs Are Proper*

Section 527.6, subdivision (s), provides that "[t]he prevailing party in an action brought pursuant to this section may be awarded court costs and attorney's fees, if any." The trial court impliedly found respondent was the prevailing party because she obtained a TRO and permanent injunction. It did not abuse its discretion in so concluding. (See *Elster v. Friedman* (1989) 211 Cal.App.3d 1439, 1443 [trial court did not abuse its discretion in determining respondents were prevailing party where they obtained "most or all of what [they] wanted by filing the action"].)

Appellant also has not demonstrated the award of fees and costs was an abuse of discretion. She argues the attorney's fees was improperly split with attorneys not of record, but provides no evidence for this claim.

Appellant further argues the award of $25,087, is "punitive" because she prevailed on a previous civil harassment action and received only $4,987 in fees and costs. The amount appellant was awarded in another action is not relevant; the issue is whether the legal fees incurred in this action were reasonable. Appellant has not met her burden to show the fees were unreasonable. Accordingly, she failed to show the trial court abused its discretion in awarding respondent's fees and costs. (See *Nichols v. City of Taft* (2007) 155 Cal.App.4th 1233, 1239 ["A trial court's exercise of discretion concerning an award of attorney fees will not be reversed unless there is a manifest abuse of discretion"].)

11

III

DISPOSITION

The judgment is affirmed.  Respondent is entitled to her costs on appeal.


ZELON, J.*

WE CONCUR:


FYBEL, ACTING P. J.


GOETHALS, J.

*Retired Justice of the Court of Appeal, Second Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.